JONES, Respondent, vs. PITTSBURGH PLATE GLASS COMPANY, Appellant.

*January 17—February 13, 1945.*

464

For the appellant there were briefs by *August C. Moeller* and *Èmmet Horan, Jr.,* both of Milwaukee, and oral argument by *Mr. Horan.*

*Perry J. Stearns* of Milwaukee, for the respondent.

FAIRCHILD, J.   The complaint is lengthy, reciting much irrelevant and evidentiary matter.   Only the most material allegations will be referred to.   The main point of the case is found in the facts related to a physical injury sustained by respondent, and set forth in each cause of action as a basis of claim for damages although more particularly are those circumstances relied on in the second cause of action.   The sustaining of the demurrer to that cause of action logically leaves the respondent with a possibility of recovering very small or nominal damages in any event.

In the first cause of action challenged, respondent alleges that he is a carpenter and general contractor doing business in Milwaukee; that appellant, a Pennsylvania corporation, is engaged in the manufacture and sale of plate glass and like products; that on November 15, 1940, respondent ordered eight lights of glass; that appellant accepted the order.   On November 16th, respondent received the glass with a slip labeled "order return," showing quantities and sizes of glass; that the itemized list included eight lights of varying sizes, one of

which was represented as measuring twenty-one and one-eighth inches in width and thirty-one and one-eighth inches in length; that respondent informed appellant at the time that the glass was for the particular purpose of glazing window sashes; that appellant knew or should have known from the order and usage of the trade that each of said lights of glass was to be cut to fit a particular window sash; that appellant warranted the said glass to be cut exactly to the size ordered. On November 25th, respondent inserted seven of the eight lights without difficulty, but on November 26th, when attempting to insert the eighth light, it slipped out of his hands cutting his wrist. The respondent alleges that the injury "naturally, directly and proximately resulted from [appellant's] breach of warranty as to the length of said pane of glass," the glass being seven-eighths of an inch longer than ordered. The complaint asks for damages resulting from the injury and also for loss due to delay in completing the glazing job and the expense in time and money spent in securing and buying a pane of glass of the right size.

A demurrer was sustained to the second cause of action, in which respondent alleged that the negligence in failing to cut the pane of glass to the requested size was the proximate cause of the injury and for which appellant ought to respond in damages.

With respect to the first cause of action, appellant contends that, since there was merely a delivery of a larger quantity of glass than respondent ordered, there can be no breach of warranty. This overlooks the allegation in respondent's complaint that the glass was bought for a special purpose, *i. e.,* to be fitted in a window frame of certain dimensions; that the defendant was aware of such purpose and that, therefore, respondent was contracting for preciseness and accuracy in the size of the pane of glass—not for a certain amount. The paper called "order return," accompanying the order with the size of each pane listed thereon, was a sufficient affirmation

that the panes so sold conformed to the specifications to constitute an express warranty by the appellant.

Appellant further seeks to sustain the demurrer on the ground that respondent had adequate time within which to inspect and discover the alleged defect in the glass. But there is no duty of inspection in the case of an express warranty. The purchaser may rely on the representations of the seller and even though he be negligent in discovering the defect, may rely on the warranty. *Hoffman v. Dixon* (1900), 105 Wis. 315, 81 N. W. 491; *Vaupel v. Lamply* (1914), 181 Ind. 8, 103 N. E. 796; *Steele v. Andrews & Sons* (1909), 144 Iowa, 360, 121 N. W. 17.

However, the amount of damages which respondent is entitled to is limited by the rule that only such damages are recoverable as are the natural and probable consequence of the breach of warranty. Those damages include direct damages and such as the parties contemplate would be likely to result from a breach thereof when the contract was made. This case is one of simple contract of sale. The physical injury alleged as a consequence of the mistake in measuring the piece of merchandise is the result of an act too remote from the transaction to be legally related thereto. It is a special and unrelated circumstance not thought of when the sale was made. We surmise that the ruling sustaining the first cause of action was based on the apparent existence of a breach of warranty and without a determination that the appellant was responsible for the remote result. The respondent's damages are the amount which will compensate him for the difference in value to him of the pane of glass he received and the value of the piece for which he contracted. 2 Mechem, Sales, p. 1450, sec. 1817; 2 Williston, Sales, p. 1537, sec. 613. While most courts recognize the right of a buyer to consequential damages, the general holding is that the liability is only for such damages as are natural and probable consequences of the breach and such as were within the contemplation of the par-

ties.  *Richmond v. Cretens* (1921), 175 Wis. 297, 185 N. W.
247; *Joy v. Bitzer* (1889), 77 Iowa, 73, 41 N. W. 575; *Tyler
v. Moody,* 111 Ky. 191, 63 S. W. 433.   Where the purchaser
had some special as distinguished from a general purpose for
which the goods were purchased, then the loss occurring from
the failure to meet that special purpose may be assessed as
damages.   *Hammer v. Schœnfelder* (1879), 47 Wis. 455, 2
N. W. 1129; *Dushane v. Benedict* (1887), 120 U. S. 630, 7
Sup. Ct. 696, 30 L. Ed. 810; *Jones v. George* (1884), 61 Tex.
345, 48 Am. St. Rep. 380.

In the instant circumstance, the buyer bought the pane of
glass for the purpose of using it in a window frame of like
dimensions.   Personal injuries received by him in handling
the glass cannot be said to be within the contemplation of the
parties and included in the warranty.   Only where the defect
in the article sold is of a sort likely to cause the injury which
took place may damages for such personal injuries be re-
covered.   2 Williston, Sales, p. 1545, sec. 614a.

Since, however, respondent has alleged as damages the ex-
pense incurred in securing a pane of the correct size and this
damage flows directly from the appellant's failure, a cause of
action for breach of warranty has been stated although nomi-
nal.damages only may follow.

As to the second cause of action, respondent filed a motion
to review the part of the order sustaining the demurrer.   Con-
cerning this, the appellant makes no complaint, but of this
ruling, the respondent complains.   A question was raised dur-
ing the argument as to whether such review may be had on
notice, or whether respondent should be required to appeal
from that part of the order inasmuch as the appellant appears
to confine his appeal to that part of the order overruling his
demurrer to the first cause of action.   Sec. 274.12, Stats.,
provides: "In any case the respondent may have a review of
the rulings of which he complains, by serving upon the ap-
pellant any time before the case is set down for hearing in the

supreme court, a notice stating in what respect he asks for a review, reversal or modification of any part of the judgment or order appealed from."

While the language used is such that some uncertainty may be pointed to, it is considered that the historical development of the method of review on appeal from the time when it was necessary to start original actions in a higher court to obtain review, to the present appeal procedure including the provision of a motion for review by respondent, indicates a clear intention to allow all disputed questions to be heard before the supreme court on one appeal when proper notice thereof has been given the opposing party and the issues are reasonably related. A review of the reported cases impels the conclusion that all orders or rulings affecting both the respondent and the appellant, when so reasonably related, may be heard whether appellant has included in his notice of appeal every part of the order or judgment or not. In *Dempsey v. National Surety Co.* (1921) 173 Wis. 296, 181 N. W. 218, and *Johnson v. Rudolph Wurlitzer Co.* (1928) 197 Wis. 433, 222 N. W. 451, a review of matters not brought upon appellant's appeal was allowed. And in *David Adler & Sons Co. v. Maglio* (1929), 198 Wis. 24, 30, 223 N. W. 89, this court discussed the subject and said: "We have carefully reconsidered the matter, and we think it is plain not only from the language of sec. 274.12, but from the decisions referred to and others, that it was the intent and purpose of sec. 274.12 to bring to this court all matters affecting the parties jointly or severally bound by the judgment when one party takes an appeal from the judgment or a part thereof. If the section should be construed to bring here only that part appealed from, the opposite party would have no substantial right of review in such case, and the whole purpose and object of the statute, which was that the controversy should be finally settled, determined, and terminated in a single proceeding in the appellate court, would be defeated." This rule was subsequently fol-

lowed in *Seyfert v. Seyfert* (1930), 201 Wis. 223, 229 N. W. 636.

We are, however, of the opinion that the demurrer to the cause of action for negligence was properly sustained. There are no facts alleged for which the appellant is responsible, sufficient to constitute a cause of action for negligence. Although it is generally said that the determination of negligence is a question for the jury, still where it clearly appears in a complaint that the acts do not constitute an invasion of a protected interest, there is no cause of action. Sec. 284 of the Restatement of Torts defines negligent conduct as "an act which the actor as a reasonable man should realize as involving an unreasonable risk of causing an invasion of an interest of another." And in *Hasbrouck v. Armour & Co.* (1909) 139 Wis. 357, 366, 121 N. W. 157, it is said: "Negligence in the law is not mere carelessness, but is careless conduct under such circumstances that an ordinarily prudent person would anticipate some injury to another as a reasonable and probable result thereof." Consequently, only if the act complained of is one which an ordinarily prudent person ought reasonably to foresee would constitute a risk, is there negligence. In the complaint before us the allegedly negligent act was the supplying of the purchaser with a glass pane seven-eighths of an inch longer than ordered. Under the circumstances the act of the appellant cannot be held to be a tort committed by it. For it was the independent act of the respondent which caused the injury to his person. Appellant cannot be held to have anticipated that respondent would not exercise ordinary care in handling this ordinary piece of merchandise. The right of respondent to be protected from an invasion of his bodily security was the interest involved and his own independent act is the only negligence involved. There is nothing inherently negligent in selling to an experienced glazier a pane of glass even though it is slightly larger than that contracted for. Whether we assume the act was negligent but the consequences

unnatural and improbable or hold that there was no negligent conduct, the result is the same. The defendant cannot be held liable. Many courts in approaching this type of problem have used in their analysis the term "proximate cause." In such a case, negligence is assumed but the consequence is proximate only if it is a natural and probable result of another's negligent conduct. See 38 Am. Jur. p. 712, sec. 61; *Atkinson v. Goodrich Transportation Co.* (1884) 60 Wis. 141, 18 N. W. 764; *Barton v. Pepin County Agricultural Society* (1892), 83 Wis. 19, 52 N. W. 1129; *Jackson v. Wisconsin Telephone Co.* (1894) 88 Wis. 243, 60 N. W. 430; *Schabow v. Wisconsin T., L., H. & P. Co.* (1916) 162 Wis. 175, 155 N. W. 951; *LeBeau v. Minneapolis, St. P. & S. S. M. R. Co.* (1916) 164 Wis. 30, 159 N. W. 577; *Bell L. Co. v. Bayfield T. R. Co.* (1919) 169 Wis. 357, 172 N. W. 955.

The cases of *Koehler v. Waukesha Milk Co.* (1926) 190 Wis. 52, 208 N. W. 901, and *Osborne v. Montgomery* (1931), 203 Wis. 223, 234 N. W. 372, cited by respondent, do not change this rule. They point out the distinction between liability for certain items of damages and liability for the wrongful act. And properly hold that if the negligent act of one was such that he could reasonably foresee that it would create a risk to another, then he is liable for all the natural consequences of the act, no matter how remote, provided there is no break in the natural sequence or continuity between the act and the result by an independent or intervening cause.

The demurrer to the second cause of action was therefore properly sustained.

*By the Court.*—Both orders are affirmed. Case remanded for further proceedings according to law. No costs allowed to either party upon this appeal. Respondent to pay clerk's fees.