MORGAN, Plaintiff-Appellant, v. PENNSYLVANIA GENERAL INSURANCE Co., and another, Defendants-Respondents.

Supreme Court

*No. 76–542. Argued January 30, 1979.—
Decided February 27, 1979.*
(Also reported in 275 N.W.2d 660.)

For the appellant there was a brief and oral argument by *Charles Saggio* of Milwaukee.

For the respondents there was a brief by *James P. O'Neill, Douglas J. Carroll* and *Arnold, Murray, O'Neill & Schimmel* of Milwaukee, and oral argument by *Mr. Carroll.*

HEFFERNAN, J. The appeal is from an order dismissing the plaintiff's complaint following a motion brought under sec. 802.06(2)(f), Stats., to dismiss for failure to state a claim upon which relief can be granted.

Because this appeal is from an order granting defendants' motions to dismiss for failure to state a claim upon which relief can be granted, the only facts are those pleaded in the complaint. The action was commenced with the filing of the complaint on May 19, 1976. The plaintiff, Dr. James E. Morgan, is a physician and homeowner in Whitefish Bay, Wisconsin. He alleges that, on or about June 16, 1973, Dr. James M. Sorenson negligently drove his car onto plaintiff's land and into a group of trees, damaging the trees and lawn in the amount of $3,000.

The defendants are Pennsylvania General Insurance Company, a foreign insurance corporation licensed to do business in Wisconsin, and W. Rasmussen, an insurance adjuster and agent of the insurance company, who was allegedly directed by the insurance company to investigate and settle plaintiff's claim for damage to his property.

Plaintiff alleges that Dr. Sorenson had purchased a policy of insurance from Pennsylvania General in which the company agreed to pay for property damage and personal injuries arising from use of his automobile and also agreed to control all investigation, payment and settlement of such claims, and defend any litigation growing out of them.

After the automobile accident described above, Rasmussen allegedly "directed" the plaintiff to drive stakes into the ground adjacent to the damaged trees to brace them. While personally hammering stakes into the ground next to the trees, the plaintiff allegedly suffered a hernia. Dr. Morgan claims damages of $503,000 for treatment, loss of income, and pain and suffering due to this personal injury. The complaint includes the allegation that:

". . . Rasmussen, for and on behalf of Pennsylvania General Insurance Company, in mitigation of damages, directed plaintiff to drive stakes into the ground adjacent to said trees and brace the tree thereto and that the tree would thereby survive. Relying on said representation and being led to believe that such would be the extent of plaintiff's claim for damages to said trees, plaintiff followed said Rasmussen's direction, and while in the process of hammering stakes into the ground adjacent to said damaged trees, which trees eventually did die, said plaintiff suffered diaphramatic and inguinal hernia requiring medical treatment and hospitalization and resulted in disability of plaintiff, putting him to expense for treatment thereof and suffering loss of income and did suffer mental and physical pain and suffering as a direct result of the said concurrent negligence of Sorenson and Rasmussen growing out of and directly related to said negligence of Sorenson."

The defendants each moved to dismiss the complaint. The trial court rendered an oral decision on the motions on September 24, 1976. The court concluded that the complaint stated a cause of action against Pennsylvania General for damage to the plaintiff's property. This part of the decision is not challenged on appeal. The court dismissed the claim for personal injuries against both defendants, which meant that Rasmussen was dismissed as a party.

Plaintiff's claim for personal injuries against Pennsylvania General is based on the alleged negligence of both Dr. Sorenson, its policyholder, and of Rasmussen, the adjuster it allegedly retained.

Upon the pleadings, the court found as a matter of law, among other conclusions, that: (1) The alleged state-

ment by Rasmussen could in no way constitute negligence; (2) reasonable men could not find that Dr. Sorenson's conduct was a substantial factor in causing physical injury to the plaintiff; (3) no causation could be attributed to either defendant; (4) reasonable men could only conclude that the conduct of the plaintiff was a substantial factor in producing his own injury; and (5) the plaintiff's reaction to the situation was "extraordinary."

The court found that the plaintiff failed to state a personal injury claim upon which relief could be granted and ordered the dismissal of the personal injury claim and dismissed Rasmussen as a party.

Although the trial court said it was construing the complaint most favorably to the plaintiff, the court in fact assumed, in its oral decision, facts which were not pleaded and which were the result of construing the complaint unfavorably to the plaintiff. The court said the plaintiff is "a college graduate and a competent medical practitioner, and certainly common sense would dictate that no insurance adjuster could order him to personally do this work." The court concluded that the direction to brace the trees was "only advisory as to what was necessary in order to save the trees." The court also said that Rasmussen "could not have reasonably concluded that in light of Dr. Morgan's age and knowledge of his own physical condition, [he] would have taken on the heavy chore of driving stakes into the ground in order to save the trees in question." Although the complaint does state that the plaintiff is a physician, so presumably he is a college graduate, his age and the nature of his medical expertise are not disclosed in the record.

There are three grounds on which the complaint in the instant case arguably could be considered to fail to state a claim for personal injury upon which relief can be granted. *First,* the acts alleged may not, as a matter

of law, constitute negligent conduct. *Second,* from the complaint it may be clear as a matter of law that the conduct of the defendants, even if negligent, was not a substantial factor in producing the physical injury of the plaintiff. *Third,* even if negligent conduct as a cause-in-fact of plaintiff's physical injury could be found upon proof of certain facts, policy considerations may preclude liability. Any of these three grounds would be sufficient to dismiss the claim. We conclude, however, that, in the posture of this case, none of these grounds warrant a dismissal.

For the purpose of testing whether a claim has been stated pursuant to a motion to dismiss under sec. 802.06 (2) (f), Stats., the facts pleaded must be taken as admitted. *Anderson v. Continental Insurance Co.,* 85 Wis.2d 675, 683, 271 N.W.2d 368 (1978). The purpose of the complaint is to give notice of the nature of the claim; and, therefore, it is not necessary for the plaintiff to set out in the complaint all the facts which must eventually be proved to recover. *Id.* at 683–84. The purpose of a motion to dismiss for failure to state a claim is the same as the purpose of the old demurrer—to test the legal sufficiency of the claim. *Hartridge v. State Farm Mutual Automobile Ins. Co.,* 86 Wis. 1, 4–5, 271 N.W.2d 598 (1978); *Anderson, supra* at 683. Because the pleadings are to be liberally construed, a claim should be dismissed as legally insufficient only if "it is quite clear that under no conditions can the plaintiff recover." Clausen and Lowe, *The New Wisconsin Rules of Civil Procedure, Chapters 801–803,* 59 Marq. L. Rev. 1, 54 (1976). The facts pleaded and all reasonable inferences from the pleadings must be taken as true, but legal conclusions and unreasonable inferences need not be accepted. *Hartridge, supra* at 4–5.

Sec. 802.06 (2) (f), Stats., on which the motions to dismiss were based, is similar to Rule 12 (b) (6) of the

Federal Rules of Civil Procedure. A claim should not be dismissed under the Wisconsin rule or the federal rule unless it appears to a certainty that no relief can be granted under any set of facts that plaintiff can prove in support of his allegations. *See,* Wright and Miller, 5 *Federal Practice and Procedure,* sec. 1215, p. 113; *Conley v. Gibson,* 355 U.S. 41, 47–8 (1957).

An essential element of a cause of action for negligence is negligent conduct. The Restatement (Second) of *Torts,* sec. 284(a) (1965), defines negligent conduct as "an act which the actor as a reasonable man should recognize as involving an unreasonable risk of causing an invasion of an interest of another." Equivalent formulations have been stated in a number of Wisconsin cases. The test of negligence is whether the conduct foreseeably creates an unreasonable risk to others. *E.g., Coffey v. Milwaukee,* 74 Wis.2d 526, 537, 247 N.W.2d 132 (1976); *Antoniewicz v. Reszczynski,* 70 Wis.2d 836, 857, 236 N.W.2d 1 (1975); *A. E. Investment Corp. v. Link Builders, Inc.,* 62 Wis.2d 479, 484–85, 214 N.W.2d 764 (1974). The risk need not be to the particular plaintiff. The test is whether unreasonable risk to the world at large is created by the conduct. *Coffey, supra* at 537; *A. E. Investment, supra* at 484–86; *Klassa v. Milwaukee Gas Light Co.,* 273 Wis. 176, 182, 77 N.W.2d 397 (1956).

The existence of negligence is a mixed question of law and fact. Prosser, *Handbook of the Law of Torts* (4th ed. 1971), sec. 37, p. 205. As a general rule, negligence is a jury question. *Ceplina v. South Milwaukee School Board,* 73 Wis.2d 338, 342, 243 N.W.2d 183 (1976); *Padilla v. Bydalek,* 56 Wis.2d 772, 776, 203 N.W.2d 15 (1973); *Jones v. Pittsburgh Plate Glass Co.,* 246 Wis. 462, 469, 17 N.W.2d 562 (1945). The trial court, as well as this court on appeal, however, has the authority to de-

cide the preliminary question of law of whether a jury question on the issue of negligence has been presented. This court has said:

"To hold that a person is not negligent as a matter of law, the court must be able to say that no properly instructed, reasonable jury could find, based upon the facts presented, that the defendants failed to exercise ordinary care." *Ceplina, supra* at 342.

The Restatement, *supra,* sec. 285, comment *f,* states in part:

"*Function of trial court.* If there is no legislative enactment covering the circumstances of a particular case and there is no decision of an appellate court which establishes whether particular conduct is or is not negligent, a trial judge may withdraw a case from a jury whenever the jury could not reasonably find the defendant's conduct to be negligent."

Prosser, *supra,* sec. 37, p. 205, states:

"If the evidence is such that no reasonably intelligent man would accept it as sufficient to establish the existence of a fact essential to negligence, it becomes the duty of the court to remove the issue from the jury. . . ."

The trial court, in an appropriate case, may decide this question of law at the pleading stage and before evidence is presented. *Padilla, supra* at 776; *Jones, supra* at 469. A claim, however, should only be dismissed if it is clear from the complaint that under no conditions could the plaintiff recover. *Anderson, supra* at 683.

The complaint in the instant case is clear in alleging negligent conduct by Dr. Sorenson in driving his car, for which his liability insurer can be directly sued. Sec. 803.04, Stats. The complaint states that Dr. Sorenson "negligently, through his failure to properly control the operation of his said Buick, did carelessly and negligently cause said automobile to leave the roadway and drive

onto plaintiff's land . . . ." These allegations, if proved, would constitute negligent conduct by Dr. Sorenson.

The allegations of negligent conduct on the part of Rasmussen are less than explicit. The complaint states that the insurance adjuster "directed plaintiff" to drive stakes into the ground next to his trees to brace them. It also alleges that Rasmussen said bracing the trees would save them, that the plaintiff relied on this representation and "being led to believe that such would be the extent of the plaintiff's claim for damages," the plaintiff followed the "direction" of the adjuster. Finally, the complaint alleges that Rasmussen was negligent.

The legal conclusion of negligence need not be accepted when judging the legal sufficiency of the claim (*Hartridge, supra* at 4–5), but the factual allegations must be taken as admitted. In addition, if any set of facts would support the allegations to make out a legally sufficient claim, these facts must also be considered admitted. For instance, plaintiff might be able to prove that Rasmussen had told him to stake the trees, that he has told him that this must be done immediately and that he had, therefore, better do it himself, that the adjuster had said this would be the only way to save the trees, and that if plaintiff did not take steps to save the trees he would be unable to collect anything from the insurance company. Plaintiff might also be able to prove that the trees were large and precariously rooted after the accident and that doing any work on them might be dangerous, that he was upset because the trees were a prize group of a rare species that he had planted himself, and that he was old and frail and this was apparent to the adjuster.

A hypothetical situation can be imagined in which the direction of an insurance adjuster to a third-party insured to brace trees on his property would constitute conduct which the adjuster should have foreseen would create an unreasonable risk of harm to the world at large.

The trial court said that Rasmussen's alleged conduct, construing the complaint most favorably to the plaintiff, could in no way constitute negligence. The trouble with dismissing the claim at the motion stage is that the complaint does not make clear what the adjuster is alleged to have done, although it does give notice of the basic nature of the claim. As a matter of law, one cannot say that reasonable men could not differ, under any conditions, on the issue of negligence. The plaintiff should be given the opportunity to prove facts to support his allegations of negligent conduct by the adjuster. It cannot be said now that under no conditions could the plaintiff prove negligence.

Legal cause in negligence actions is made up of two components, cause-in-fact and "proximate cause," or policy considerations. *Howard v. Mt. Sinai Hospital, Inc.*, 63 Wis.2d 515, 517–19, 217 N.W.2d 383, 219 N.W.2d 576 (1974); *Hass v. Chicago & North Western Railway Co.*, 48 Wis.2d 321, 326, 179 N.W.2d 885 (1970); Restatement (Second) of *Torts*, sec. 431 (1965). The test of cause-in-fact is whether the negligence was a "substantial factor" in producing the injury. *Hass, supra* at 326; *Colla v. Mandella*, 1 Wis.2d 594, 597, 85 N.W.2d 345 (1957); *Pfeifer v. Standard Gateway Theater, Inc.*, 262 Wis. 229, 236–37, 55 N.W.2d 29 (1952). Under this test, there can be more than one substantial factor contributing to the same result and thus more than one cause-in-fact. *Hart v. State*, 75 Wis.2d 371, 397, 249 N.W.2d 810 (1977); *Sampson v. Laskin*, 66 Wis.2d 318, 325, 224 N.W.2d 594 (1975); *Blashaski v. Classified Risk Insurance Corp.*, 48 Wis.2d 169, 175, 179 N.W.2d 924 (1970).

Whether negligence was a cause-in-fact of an injury is a factual question for the jury if reasonable men could differ on the issue, and the question only becomes one of

law for judicial decision if reasonable men could not disagree. *Wills v. Regan*, 58 Wis.2d 328, 340, 206 N.W.2d 398 (1973) ; *Hoeft v. Milwaukee & Suburban Transport Corp.*, 42 Wis.2d 699, 711, 168 N.W.2d 134 (1969) ; Prosser, *supra*, sec. 45, p. 289.

The trial court ruled as a matter of law that reasonable men could not find that Dr. Sorenson's conduct in allegedly negligently driving his car was a substantial factor in causing Dr. Morgan's hernia and that no causation could be attributed to either defendant. While it is true that the alleged causal link between the original accident and the personal injury is somewhat attenuated, giving the complaint the construction most favorable to the plaintiff, there does seem to be enough of a factual connection to present a jury issue. As for Rasmussen's alleged conduct, upon proof of supporting facts, reasonable men might find that his acts were a substantial factor in producing the injury.

Implicated in the question of the adjuster's negligence as a cause-in-fact of the personal injury is whether plaintiff's own negligence may have been the whole or the major cause of the injury. Contributory negligence as a cause-in-fact of injury is judged by the same "substantial factor" test as a defendant's negligence and is generally a jury question unless reasonable men could not disagree on the issue. Restatement, *supra*, sec. 465. Apportionment of negligence is also generally a jury question. *Stewart v. Wulf*, 85 Wis.2d 461, 471, 271 N.W.2d 79 (1978) ; *Cirillo v. Milwaukee*, 34 Wis.2d 705, 716, 150 N.W.2d 460 (1967). Construing this complaint most favorably to the plaintiff, one cannot assume that there was contributory negligence by the plaintiff, as the trial court incorrectly did.[1]

---

[1] The trial court labeled plaintiff's conduct a "supervening" cause. A superseding cause is an act by a third party, while

Liability does not necessarily follow even when negligence and negligence as a cause-in-fact of injury are present. Public policy considerations may preclude liability. This is a question of law solely for judicial decision. *Coffey v. Milwaukee*, 74 Wis.2d 526, 541, 247 N.W.2d 132 (1976); *Hass v. Chicago & North Western Railway Co.*, 48 Wis.2d 321, 326–27, 179 N.W.2d 885 (1970). These public policy considerations are an element of legal cause, though not a part of the determination of cause-in-fact. *Howard v. Mt. Sinai Hospital, Inc.*, 63 Wis.2d 515, 518–19, 217 N.W.2d 383, 219 N.W.2d 576 (1974).

Some of the public policy reasons for not imposing liability despite a finding of negligence as a substantial factor producing injury are: (1) The injury is too remote from the negligence; or (2) the injury is too wholly out of proportion to the culpability of the negligent tortfeasor; or (3) in retrospect it appears too highly extraordinary that the negligence should have brought about the harm; or (4) because allowance of recovery would place too unreasonable a burden on the negligent tortfeasor; or (5) because allowance of recovery would be too likely to open the way for fraudulent claims; or (6) allowance of recovery would enter a field that has no sensible or just stopping point. *Stewart v. Wulf*, 85 Wis.2d 461, 479, 271 N.W.2d 79 (1978); *Coffey, supra* at 541. Cutting off liability because of "highly extraordinary" harm is provided for by the Restatement (Second) of *Torts,* sec. 435(2) (1965).

This court has decided on demurrer that public policy precludes liability. *Hass, supra; Colla v. Mandella*, 1

the plaintiff's conduct is considered under the umbrella of contributory negligence. *Presser v. Siesel Construction Co.,* 19 Wis.2d 54, 61, 119 N.W.2d 405 (1963); Restatement (Second) of *Torts*, sec. 440 (1965).

Wis.2d 594, 85 N.W.2d 345 (1957). It has also declined to do so. *Coffey, supra* at 541–43. The court's position is that it is generally better procedure to submit the negligence and cause-in-fact issues to the jury before addressing the public policy issue. *Padilla v. Bydalek,* 56 Wis.2d 772, 779–80, 203 N.W.2d 15 (1973). Guidelines for when a decision on the pleadings is undesirable were suggested in *Hass, supra* at 326–27:

> "The application of public policy considerations is solely a function of the court, and does not in all cases require a full factual resolution of the cause of action by trial before policy factors will be applied by the court. There may well be cases, of course, where the issues are so complex, or factual connections so attenuated, that a full trial must precede the court's determination. Here, however, the question of public policy is fully presented by the complaint and demurrer." (Citations omitted) *See also, Coffey, supra* at 541–43.

In the instant case, the complaint is not explicit about what the insurance adjuster allegedly did. A full factual presentation is necessary before it can be said whether public policy considerations preclude liability for his conduct.

One policy ground for relieving a negligent tortfeasor from liability for conduct which has been a substantial factor in producing injury is the intervening and superseding cause doctrine. *Stewart v. Wulf, supra* at 476. The doctrine is another way of saying the negligence is too remote from the injury to impose liability. This doctrine may relieve the insurance company of liability for Dr. Morgan's alleged hernia based on the allegedly negligent driving of Dr. Sorenson. *See,* Restatement, *supra,* secs. 440–453; *Merz v. Old Republic Ins. Co.,* 53 Wis.2d 47, 57–8, 191 N.W.2d 876 (1971); *Merlino v. Mutual Service*

*Casualty Ins. Co.,* 23 Wis.2d 571, 579, 127 N.W.2d 741 (1964). Even if this is so, however, Pennsylvania General may be subject to liability based on the conduct of the insurance adjuster it allegedly retained. The claim for personal injury should not be dismissed against either defendant.

*By the Court.*—Order reversed and cause remanded.

COFFEY, J., took no part.