Patricia I. Evans, Plaintiff-Appellant,

v.

Howard W. Cameron and Cameron, Shervey, Thrasher & Doyle, Ltd., a Wisconsin service corporation, Defendants-Respondents.†

Court of Appeals

No. 83–2148. Submitted on briefs April 9, 1984.—
Decided May 22, 1984.
(Also reported in 350 N.W.2d 728.)

For the appellant the cause was submitted on the briefs of *James M. Mason* of Wisconsin Rapids.

For the respondent Howard W. Cameron the cause was submitted on the brief of *Beverly Wickstrom* and *Garvey, Anderson, Kelly & Ryberg, S.C.*, of Eau Claire.

For the respondent Cameron, Shervey, Thrasher & Doyle, Ltd., the cause was submitted on the brief of *Francis J. Wilcox* of Eau Claire.

Before Dean, Cane and Gartzke, JJ.

† Petition to review granted.

DEAN, J. Patricia Evans appeals an order dismissing her malpractice complaint against Howard Cameron and Cameron, Shervey, Thrasher & Doyle, Ltd. Her complaint alleged that she sought legal advice from Cameron when she filed for bankruptcy, that on Cameron's advice she lied to the bankruptcy court about the disposition of $10,000 in cash, and that she suffered damages because she followed Cameron's advice. The trial court granted Cameron's motion to dismiss under sec. 802.06 (2), Stats., based on the doctrine of *pari delicto*,[1] holding that Evans had participated in an illegal act and could not assert a right based on that illegal act. Evans contends that her right to recover damages is based not upon the illegal act but upon her agreement with Cameron to obtain his legal advice, and that her complaint raises the question of whether she and Cameron were equally at fault for the damages she incurred. Because Evans' rights against Cameron and his law firm stem from his agreement to provide legal advice, and because her complaint alleges facts that, if proven, could result in relief being granted, we reverse the order and direct the trial court to reinstate her complaint.

Evans is not barred from bringing an action against Cameron. The trial court reasoned that her action is barred because she came into court "with unclean hands," and because her damages resulted from her lying at the bankruptcy proceeding. That reasoning, however, focuses on Evans' actions to defraud her creditors and not upon her agreement with Cameron for legal advice. Her rights against Cameron stem from this agreement.

The unclean hands doctrine has long been followed in Wisconsin. *See Clemens v. Clemens,* 28 Wis. 637 (1871). But, as the *Clemens* court observed, the doctrine must be applied with great caution. *Id.* at 655. In *Clemens,* a father transferred land to his son in an attempt to de-

---

[1] This phrase means the parties are equally at fault. Black's Law Dictionary 898 (rev. 4th ed. 1968).

fraud his creditors. When the father later realized that he had mistakenly transferred more land than he intended, he brought an action to amend the deed. The court rejected the son's argument that the action should be dismissed because the father came into court with unclean hands, and held that this doctrine did not apply to actions between the father and the son that arose from their illegal activity. *Id.* at 652. "[A]greements between parties, to defraud creditors, though void as to creditors, are nevertheless valid and binding on the parties themselves." *Id.* at 651.

The principle expressed in *Clemens* applies to Evans' action. Her illegal act, allegedly suggested and encouraged by Cameron, does not defeat her rights against Cameron. "The defendant cannot escape the consequences or reap the fruits of his own wrong done to the plaintiff, by showing that the plaintiff at the same time attempted to and did commit another wrong against the rights of third parties." *Id.* at 653–54. Evans has alleged facts that, if proven, support her allegations against Cameron, and her claim should not have been dismissed. *See Morgan v. Pennsylvania General Insurance Co.,* 87 Wis. 2d 723, 731–32, 275 N.W.2d 660, 664 (1979). Although Evans may have also been negligent and contributed to her damages, that is a question for the trier of fact. *See id.* at 732–33, 275 N.W.2d at 665.

*By the Court.*—Order reversed and cause remanded with directions.