COURT OF APPEALS
DECISION
DATED AND FILED

March 2, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* **WIS. STAT. § 808.10 and RULE 809.62.**

Appeal No. **2022AP1095**

Cir. Ct. No. **2021CV92**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

EDBART GONZALES,

  PLAINTIFF-APPELLANT,

UNITED HEALTHCARE OF WISCONSIN, INC. AND
MOLINA HEALTHCARE OF WISCONSIN, INC.,

  INVOLUNTARY-PLAINTIFFS,

  V.

PROTECTIVE INSURANCE COMPANY AND
JOHNSON SCHOOL BUS SERVICE,

  DEFENDANTS-RESPONDENTS,

STATE FARM AUTOMOBILE INSURANCE COMPANY
AND KURT RALEY,

  DEFENDANTS.

---

APPEAL from an order of the circuit court for Dodge County: MARTIN J. DE VRIES, Judge. *Reversed in part and cause remanded for further proceedings*.

Before Kloppenburg, Fitzpatrick, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1　PER CURIAM.　Edbart Gonzales was injured when he was struck by a vehicle after he exited a school bus that was parked behind another bus in the loading zone of his school and crossed the street between the two buses. Gonzales, by his guardian ad litem, subsequently filed a negligence action against the bus driver's employer, Johnson School Bus Service.[1]　Gonzales alleged that the bus driver was negligent and that Johnson Bus was negligent in hiring, training, or supervising the bus driver.　The circuit court granted Johnson Bus's motion for summary judgment and dismissed Gonzales's complaint.

¶2　On appeal, Gonzales argues, as he did in the circuit court, that disputes of material fact exist regarding whether Johnson Bus had a duty to Gonzales, whether that duty was breached, and whether the breach caused Gonzales's injuries. Accordingly, Gonzales argues, Johnson Bus is not entitled to summary judgment.

---

[1] Gonzales also sued Johnson School Bus Service's insurer, Protective Insurance Company.　We refer to the bus company individually, and to the bus company, its insurer and the bus driver collectively, as "Johnson Bus."　We refer to the bus driver individually as "the bus driver" when referencing the bus driver's conduct during the incident at issue.

In addition, Gonzales sued the driver of the vehicle that hit Gonzales and the driver's insurer.　The circuit entered an order granting the driver's motion for summary judgment dismissing Gonzales's claims against him.　Gonzales does not appeal that ruling, and we do not address it further.

¶3     We conclude that, as a matter of law, Johnson Bus had a duty of ordinary care to Gonzales.  We also conclude that, considering the undisputed material facts together with the disputed material facts resolved in Gonzales's favor, as we are required to do in reviewing Johnson Bus's summary judgment motion, there are competing inferences regarding whether Johnson Bus breached that duty and whether the breach caused Gonzales's injury.  Accordingly, Johnson Bus is not entitled to summary judgment dismissing Gonzales's claims.  Therefore, we reverse in part and remand to the circuit court for further proceedings.

## BACKGROUND

¶4     The following facts are undisputed for purposes of summary judgment.

¶5     On April 16, 2014, Edbart Gonzales, a seven-year-old student at a public school in Fox Lake, had finished school for the day and was leaving the school with his stepmother, Lori Zumm, who had come into the school to deposit money for the school lunch program.  Zumm asked Gonzales if he wanted to ride home with her, and Gonzales, who typically rode the school bus to and from school every morning and afternoon, declined her offer and said that he would take the bus.

¶6     Gonzales and Zumm exited the school and entered the school's loading zone together.  At that time, the loading zone contained three north-facing school buses parked on the east side of Depot Street, all lined up in a single row directly against the sidewalk in front of the school's entrance.  Zumm's vehicle was parked facing south on the west side of Depot Street directly opposite the rear half of the second bus.  The only crosswalk in the immediate area was at an intersection north of the loading zone and in front of all three buses.  As Gonzales and Zumm separated in the loading zone, Gonzales stepped directly from the sidewalk onto the

3

second bus, located in the middle of the three buses. Zumm walked between the first and second bus and crossed the street to where her car was parked.

¶7      Gonzales was the first child to board the bus and sat two or three seats behind the bus driver. Because the bus was parked in the loading zone and other students still had time to board, the door to the bus was left open. At some point after boarding the bus, Gonzales decided he wanted to exit the bus. Gonzales tried to get Zumm's attention by rolling down the window and shouting that he wanted to ride with her. Zumm had already started her car and was leaving the parking space but, after noticing Gonzales, pulled back into the space.

¶8      The bus driver allowed Gonzales to exit the bus. Gonzales exited the bus onto the sidewalk in front of the school and proceeded to cross Depot Street by passing in between the first bus and the second bus, as Zumm had done moments earlier. Gonzales entered the street without looking to see if cars were coming and was struck by a vehicle heading south. Immediately after the collision, Zumm went across the street to where Gonzales was struck, put Gonzales into her car, and drove him to the hospital.

¶9      Gonzales filed this negligence action in February 2021. Johnson Bus moved for summary judgment seeking the dismissal of Gonzales's claims. Johnson Bus argued that the bus driver had no duty to Gonzales at the time of the accident, the bus driver did not breach any duty to Gonzales, the bus driver's conduct did not cause Gonzales's injuries, and Gonzales was more negligent than the bus driver as a matter of law. The circuit court granted Johnson Bus's motion for summary judgment and dismissed Gonzales's complaint. The court determined that Johnson Bus did not owe Gonzales a duty of care. Gonzales appeals.

**DISCUSSION**

¶10 We review the circuit court's grant of summary judgment de novo, using the same methodology as the circuit court. *R.W. Docks & Slips v. State*, 2001 WI 73, ¶12, 244 Wis. 2d 497, 628 N.W.2d 781. Summary judgment is proper if there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. *Id.*; WIS. STAT. § 802.08(2) (2021-22)[2] (summary judgment to the moving party) and (6) (summary judgment to the non-moving party). We review the summary judgment materials "in the light most favorable to the party opposing summary judgment." *United Concrete & Const., Inc. v. Red-D-Mix Concrete, Inc.*, 2013 WI 72, ¶12, 349 Wis. 2d 587, 836 N.W.2d 807; *Affeldt v. Green Lake Cnty.*, 2011 WI 56, ¶59, 335 Wis. 2d 104, 803 N.W.2d 56; *see also James v. Aetna Life & Cas. Co.*, 109 Wis. 2d 363, 368, 326 N.W.2d 114 (Ct. App. 1982) ("Any reasonable doubt as to the existence of any genuine issue of material fact must be resolved against the movant.").

¶11 To prevail on a negligence claim, a plaintiff must prove four elements: (1) a duty of care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the conduct and the injury; and (4) an actual loss or damage as a result of the injury. *Gritzner v. Michael R.*, 2000 WI 68, ¶19, 235 Wis. 2d 781, 611 N.W.2d 906.

¶12 "[I]n Wisconsin, the elements of duty and breach are usually presented to the trier of fact in a question asking whether the defendant was negligent." *Nichols v. Progressive N. Ins. Co.*, 2008 WI 20, ¶12, 308 Wis. 2d 17, 746 N.W.2d 220. Then, the elements of causation and damages may be addressed

---

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

linking the defendant's negligent conduct to the injury and that injury to actual loss or damages. *Id.* Because of the fact-intensive nature of the elements of negligence, summary judgment is rarely granted in negligence cases, even if the facts are undisputed. *Lambrecht v. Kaczmarczyk*, 2001 WI 25, ¶2, 241 Wis. 2d 804, 623 N.W.2d 751. This is because, in order to grant summary judgment, a court must be able to say that "no properly instructed, reasonable jury could find, based on the facts presented," that the defendant was negligent. *Id.*

¶13 The parties focus their summary judgment arguments on three of the four required elements of negligence: (1) duty, (2) breach, and (3) causation. We address each in turn.

## I. Duty

¶14 The first element of negligence requires that the plaintiff establish "the existence of a duty of care on the part of the defendant." *Hoida, Inc. v. M & I Midstate Bank, et al.*, 2006 WI 69, ¶23, 291 Wis. 2d 283, 717 N.W.2d 17. In Wisconsin, every person has a duty to use ordinary care in all of the person's activities and, when a person fails to exercise ordinary care, that person is negligent. *Gritzner*, 235 Wis. 2d 781, ¶¶20-23. A person fails to use ordinary care when that person "does something (or fails to do something) that a reasonable person would recognize as creating an unreasonable risk of injury or damage to a person or property." *Id.* at ¶22 (citation omitted).

¶15 An alleged tortfeasor's conduct "is not examined in terms of whether or not there is a duty to do a specific act, but rather whether the conduct satisfied the duty placed upon individuals to exercise that degree of care as would be exercised by a reasonable person under the circumstances." *Nichols*, 308 Wis. 2d 17, ¶45 (quoting *Gritzner*, 235 Wis. 2d 781, ¶24).

¶16     Consistent with this explanation of the duty of care, Johnson Bus had "a duty to exercise ordinary care under the circumstances" so that its conduct did not create an unreasonable risk of injury to Gonzales. *See Nichols*, 308 Wis. 2d 17, ¶45; *see, e.g.*, *Behrendt v. Gulf Underwriters Ins. Co.*, 2009 WI 71, ¶21, 318 Wis. 2d 622, 768 N.W.2d 568 (concluding that a manufacturer had a "duty to exercise ordinary care under the circumstances so that its [policies] did not create an unreasonable risk of injury" to third parties).

¶17     We reject Johnson Bus's argument that a bus company's duty to its passengers is more limited.  Specifically, Johnson Bus argues that a bus driver's duty is limited to "refrain[ing] from any conduct in the operation of a vehicle that would convert the safe loading zone into a hazardous one."  To support this position, Johnson Bus cites *Williams v. Milwaukee & Suburban Transp. Corp.*, 37 Wis. 2d 402, 406, 155 N.W.2d 100 (1967) ("[A] driver of a motor bus not only has a duty to provide a place of safety to alight, but also to refrain from any conduct in the operation of [the] vehicle which would convert this place of safety into one of potential hazard.").  However, *Williams* is inapposite.  Wisconsin law regarding negligence has evolved since *Williams* was decided in 1967, and the duty analysis in *Williams* has been superseded by the negligence case law described above.  *See Gritzner*, 235 Wis. 2d 781; *see also* *Hornback v. Archdiocese of Milwaukee*, 2008 WI 98, ¶22, 313 Wis. 2d 294, 752 N.W.2d 862 ("Our state's recognition of a general duty to act with ordinary care, following the famous minority opinion of *Palsgraf v. Long Island Railroad Co.,* is that '[everyone] owes to the world at large the duty of refraining from those acts that may unreasonably threaten the safety of others.'") (citation omitted).  We are bound by the articulation of duty in *Gritzner* as the duty of ordinary care imposed on every person.  *Nichols* 308 Wis. 2d 17, ¶47 ("We reiterate that *Gritzner* [is] still good law in Wisconsin.").

¶18 We also reject Gonzales's argument that Johnson Bus's policies establish a duty different from the duty to exercise ordinary care. In Wisconsin, "regulations adopted by private organizations are irrelevant [to negligence actions] because the standard of care upon which recovery must be based is set by law." *Johnson v. Misericordia Cmty. Hosp.*, 97 Wis. 2d 521, 537, 294 N.W.2d 501 (Ct. App. 1980), *aff'd*, 99 Wis. 2d 708, 301 N.W.2d 156 (1981) (citing *Marolla v. American Family Mut. Ins. Co.*, 38 Wis. 2d 539, 157 N.W.2d 674 (1968)). Gonzales cites two Wisconsin cases concerning hospital policies to support its argument to the contrary. Both cases are inapposite. In *Shibilski v. St. Joseph's Hosp. of Marshfield, Inc.*, 83 Wis. 2d 459, 266 N.W.2d 264 (1978), the court addressed a discovery dispute and ruled that the hospital's internal policies were discoverable because "even if the evidence the plaintiff seeks was inadmissible, this does not necessarily prevent discovery." *Id.* at 464. The court did not address whether the policies were admissible to define the contours of a duty of care. *Id.* In *Johnson*, this court concluded that the hospital's bylaws fell within a narrow exception to the *Marolla* rule because the bylaws were required by Wisconsin law as part of the licensing procedure that applied uniformly to all hospitals, with the result that "an entire industry or substantially an entire industry had essentially the same safety regulations." *Johnson*, 97 Wis. 2d at 537-38. Gonzales provides no evidence and makes no argument demonstrating that Johnson Bus's polices are required by law or adopted industry-wide.

## II. Breach

¶19 The second element of negligence is breach of a duty. *Nichols*, 308 Wis. 2d 17, ¶11. Once a duty is established, the plaintiff must then establish that the defendant breached that duty of care. *Id.* As explained above, the elements of duty and breach combine to answer the question of whether the defendant was

negligent. *Id.*, ¶12 ("[I]n Wisconsin, the elements of duty and breach are usually presented to the trier of fact in a question asking whether the defendant was negligent.").

¶20 "If a person, without intending to do harm, acts, or fails to do an act, that a reasonable person would recognize as creating an unreasonable risk of injury or damage to a person or property, [the person] is not exercising ordinary care under the circumstances, and is therefore negligent." *Hoida*, 291 Wis. 2d 283, ¶30 (citing *Rockweit by Donohue v. Senecal*, 197 Wis. 2d 409, 541 N.W.2d 742 (1995)). Whether there has been a breach of the duty of ordinary care "will depend in part upon what is reasonable to require a person to do, or to refrain from doing, under the circumstances." *Hoida*, 291 Wis. 2d 283, ¶31. "[O]rdinarily, the issue of breach is one for the jury; however, there are exceptions in rare cases." *Behrendt*, 318 Wis. 2d 622, ¶22.

¶21 It is undisputed that seven-year-old Gonzales exited the bus in the school loading zone and that the bus was parked between two other buses in a location that was not by a crosswalk; that before Gonzales exited the bus, the bus driver observed a vehicle approaching from the opposite direction with the bus and Gonzales on one side of the street and Gonzales's stepmother in her car on the other side of the street; that the bus driver "knew" that Gonzales would cross the street to get to his stepmother, who had moments earlier crossed the street to where her car was parked by walking between the first and second bus, and told Gonzales as he left to "watch out for cars"; and that there is no evidence that a teacher or other responsible adult was on the sidewalk by the bus when Gonzales exited it.

¶22     We resolve in Gonzales's favor the disputed material facts that: the bus driver gave Gonzales permission to exit the bus; and the bus driver could have stopped Gonzales from exiting the bus.

¶23     It is apparent that there are competing inferences regarding breach from the undisputed facts and the disputed material facts viewed in Gonzales's favor. On that basis, we conclude that Johnson Bus fails to show that, as a matter of law, "no properly instructed, reasonable jury could find, based on the facts presented," that the bus driver breached his duty to exercise reasonable care so as to create an unreasonable risk of injury to Gonzales when Gonzales exited the bus. *See Lambrecht*, 241 Wis. 2d 804, ¶2. That is, what was reasonable for the bus driver to do or refrain from doing under these circumstances is a question to be answered by a jury. *See Hoida*, 291 Wis. 2d 283, ¶31 ("The existence of a duty of ordinary care encompasses what is reasonable according to facts and circumstances present in each individual case.").

¶24     Johnson Bus argues that the undisputed facts do not establish a breach of duty because the accident did not occur "as a consequence of the location of the loading zone or the operation of the bus." This argument is based on Johnson Bus's reliance on the articulation of the duty of care in *Williams*. We have rejected this reliance above.

¶25     Johnson Bus also argues that the bus driver discharged any duty of care he had when he told Gonzales to watch for cars. However, this argument disregards the competing inferences that may be drawn from the facts considered as a whole, as explained above, which require that the question of breach be decided by a jury.

### III. Causation

¶26    The third element of negligence, causation, requires that the plaintiff prove "a causal connection between the conduct and the injury." *Coffey v. City of Milwaukee*, 74 Wis. 2d 526, 531, 247 N.W.2d 132 (1976).  This element is referred to as "cause-in-fact." *Morgan v. Pennsylvania Gen. Ins. Co.*, 87 Wis. 2d 723, 735, 275 N.W.2d 660 (1979).  "The test of cause-in-fact is whether the negligence was a 'substantial factor' in producing the injury." *Id.*  "[T]here can be more than one substantial factor contributing to the same result and thus more than one cause-in-fact." *Id.*

¶27    "Whether negligence was a cause-in-fact of an injury is a factual question for the jury if reasonable [people] could differ on the issue, and the question only becomes one of law for judicial decision if reasonable [people] could not disagree." *Id.* at 735-36; *Fandrey v. American Family Mut. Ins. Co.*, 2004 WI 62, ¶12, 272 Wis. 2d 46, 680 N.W.2d 345.

¶28    As we have concluded regarding breach, so we conclude regarding causation.  Considering the material facts, both undisputed and disputed, in Gonzales's favor as summarized above, reasonable people may disagree about whether the bus driver's conduct was a substantial factor in bringing about Gonzales's injury and, therefore, Johnson Bus is not entitled to summary judgment on this issue.

¶29    Johnson Bus argues that the undisputed facts regarding Gonzales's own conduct show that the bus driver's conduct was not a substantial factor in bringing about Gonzales's injuries because Gonzales's conduct "broke the sequence of events over which [the bus driver] had no control." *See Fondell v. Lucky Stores, Inc.*, 85 Wis. 2d 220, 227, 270 N.W.2d 205 (1978) ("Whether a party's negligence

is a substantial factor in bringing about the harm and thus is the legal cause of the accident; an unbroken sequence of events must be proven [in which] the negligence of a party is actively operating at the time of the injury producing accident and this actively operating negligence was a cause in fact of the accident."). However, this argument, like Johnson Bus's preceding argument, disregards the competing inferences that can be drawn from the facts considered as a whole, including that the bus driver allowed a seven-year-old boy to exit a bus to join his stepmother who had moments earlier crossed the street to her car between the boy's bus and the bus parked immediately in front of it, with no supervising adult present in the area, when the bus driver observed a vehicle approaching where the bus and the stepmother's car were located. Given these competing inferences, it cannot be said that "no properly instructed, reasonable jury could find, based on the facts presented," that the bus driver's actions or inactions were a substantial factor in causing Gonzales's injuries. *See Lambrecht*, 241 Wis. 2d 804, ¶2.[3]

---

[3] Johnson Bus also argues that Gonzales was "the person most responsible for the accident," citing *Gross v. Denow*, 61 Wis. 2d 40, 212 N.W.2d 2 (1973). As Johnson Bus notes, the court in that case concluded that the plaintiff was equally or more negligent than the defendant as a matter of law when the plaintiff knowingly chose to walk along a path he knew to be dangerous. *Id.* at 49-50. Here, Johnson Bus points to no evidence establishing that Gonzales knew the path he took to get to his stepmother was dangerous. *See also Morgan v. Pennsylvania Gen. Ins. Co.*, 87 Wis. 2d 723, 736, 275 N.W.2d 660 (1979) ("Apportionment of negligence is also generally a jury question."). Accordingly, this argument fails.

While we conclude that the questions of breach and causation are for the jury to decide on the facts presented on summary judgment, we of course make no opinion as to how the jury will decide on the facts presented at trial.

## IV. Public Policy Factors

¶30     Johnson Bus also argues that the bus driver's conduct is "too remote and cannot be the proximate cause of [Gonzales's] injuries."[4]  As we now explain, this argument implicates a different aspect of causation from the cause-in-fact aspect addressed above.

¶31     In Wisconsin, even if a claim meets all the requisite elements of negligence, a court may conclude, "as a matter of law, that considerations of public policy require dismissal of the claim." ***Bowen v. Lumbermens Mut. Cas. Co.***, 183 Wis. 2d 627, 654, 517 N.W.2d 432 (1994).  Although a court "may grant summary judgment on public policy grounds before a trial," it is generally better practice to "submit negligence and cause-in-fact issues to the jury before addressing" the public policy factors. ***Id.*** (citing ***Padilla v. Bydalek***, 56 Wis. 2d 772, 779-80, 203 N.W.2d 15 (1973)); ***Pfeifer v. Standard Gateway Theater***, 262 Wis. 229, 240, 55 N.W.2d 29 (1952).  Public policy factors are meant "to assure that 'in cases so extreme that it would shock the conscience of society to impose liability, the courts may step in and hold as a matter of law that there is no liability.'" ***Fandrey***, 272 Wis. 2d 46, ¶15 (quoting ***Pfeifer***, 262 Wis. at 238).  Johnson Bus fails to persuade us that this is such a case.

---

[4] ***Fandrey v. American Family Mut. Ins. Co.***, 272 Wis. 2d 46, ¶¶10-12, ¶13 n.7, 680 N.W.2d 345 (noting that Wisconsin has "largely" abandoned the formerly used term "proximate cause"), and ¶45 ("in Wisconsin we use public policy factors, not proximate cause") (Bradley, A.W., concurring).

¶32    Johnson Bus's argument addresses only the first of the six public policy factors, that "the injury is too remote from the negligence."[5] *Morgan*, 87 Wis. 2d at 737.  Considering the facts in the light most favorable to Gonzales, his injuries are not too remote from the bus driver's negligence when the bus driver told the seven-year-old child he could exit the bus, as the bus driver saw a vehicle approaching the area where the bus and the stepmother's car were located; the stepmother had moments earlier crossed from the bus to her car in that area immediately in front of the bus and behind another bus, and the bus driver knew the child would similarly cross the street to his stepmother's car; and the bus driver did not prevent the child from leaving the bus without the stepmother or other adult present.  Johnson Bus fails to persuade us that imposing liability based on these facts would shock the conscience of society such that the question of liability should be removed from the jury before it can decide the negligence and cause-in-fact issues that arise from those facts.

---

    [5] The other five public policy factors are:  (2) the injury is too wholly out of proportion to the culpability of the negligent tortfeasors; or (3) in retrospect it appears too highly extraordinary that the negligence should have brought about the harm; or (4) because allowance of recovery would place too unreasonable a burden on the negligent tortfeasor; or (5) because allowance of recovery would be too likely to open the way for fraudulent claims; or (6) allowance of recovery would enter a field that has no sensible or just stopping point. *Morgan v. Pennsylvania Gen. Ins. Co.*, 87 Wis. 2d 723, 737, 275 N.W.2d 660 (1979).

**CONCLUSION**

¶33    For the reasons explained above, we conclude that Johnson Bus is not entitled to summary judgment dismissing Gonzales's negligence claims.

*By the Court.*—Order reversed in part and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.