HASS and wife, Respondents, v. CHICAGO & NORTH WESTERN RAILWAY COMPANY, Appellant.

*No. 188. Argued September 11, 1970.—Decided October 9, 1970.*
(Also reported in 179 N. W. 2d 885.)

322

For the appellant there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *George W. Greene* of counsel, and oral argument by *Roger S. Bessey,* all of Milwaukee.

For the respondents there was a brief by *Gerald J. Bloch* and *Phillips, Hoffman & Bloch,* all of Milwaukee, and oral argument by *Gerald J. Bloch.*

HEFFERNAN, J. At the outset it should be pointed out that the complaint does not attempt to predicate liability on the railroad in its capacity as the owner or proprietor of the premises. The complaint does not allege that the injury occurred on the railroad right-of-way. Rather, the allegation is of negligence in starting a fire and failing to exercise due care in preventing its spread.

We are not obliged, therefore, in this case to grapple with the subtle distinctions in respect to a landowner's duty to licensees, invitees, and those, like firefighters, whom some courts hold are *sui generis* by reason of their obligation to enter onto land without invitation. The firefighter, volunteer or paid, falls into the limbo of the latter category. Plaintiff, defendant, and the trial judge all concur that the problem presented is one of negli-

gence, unaffected by any special duty or immunity that arises from the possession of land.

Moreover, whether a firefighter is regarded as a licensee or an invitee, the law is clear that the occupier of land incurs no liability to the firefighter under the scenario presented by these pleadings. Assuming, as we must from the allegations of the complaint, that the railroad company's negligence occasioned the ignition and spread of the fire, what is the responsibility of the landowner to either a licensee or invitee? Its responsibility is merely to warn of danger. In the case of the licensee, it is to avoid traps and to reveal all hazards known to the landowner and unknown to the licensee. *Szafranski v. Radetzky* (1966), 31 Wis. 2d 119, 141 N. W. 2d 902. In the case of an invitee, it is to exercise ordinary care, including the obligation to give reasonable warning of any hazards.

If the fact and the nature of the hazard is known to the person who comes upon land either as a licensee or as an invitee, the landowner's special duty to warn is satisfied. In *Scheeler v. Bahr* (1969), 41 Wis. 2d 473, 164 N. W. 2d 310, the plaintiff, a licensee, dove from the defendant's pier into shallow water, causing his severe injury. We held that, since the murky condition of the water, plainly seen by plaintiff, gave notice of the potential hazard of shallowness, the owner of the land had no further obligation to warn the licensee of the hazard.

In *Szep v. Robinson* (1963), 20 Wis. 2d 284, 121 N. W. 2d 753, this court held that an employer had no duty to instruct an invitee, a baby-sitter, of the special hazards of an electric stove, since the very nature of the device gave warning that it produced heat and could cause fire.

It is therefore obvious that the duty of a landowner to a firefighter in respect to warning of the hazard is satisfied by the very nature of the call for assistance. The hazard of fire feared by the landowner and for

which he asks aid in fighting is the very reason for the summons to duty. The call to duty is the warning of the hazard; and even in the absence of a summons by the occupier of the land, the hazards of fire are apparent. While other courts have adopted other theories to explain why there is no liability, the rule of no liability is uniform, whether firefighters are classified as invitees, licensees, or *sui generis*. 86 A. L. R. 2d 1205, 1213.

We do not herein decide the obligation of a landowner to a firefighter for conditions of the premises which aggravate the hazard, nor do we discuss possible liability that may arise under circumstances where a landowner fails to warn firefighters of special hazards known to him but unknown to the firefighter. Such determination must abide an appeal which presents facts that are totally absent in the instant case.

It is obvious that the cause must fail whether predicated on either an invitee or licensee theory. We conclude that a cause predicated on ordinary negligence must also fail.

The duty of a landowner in respect to one not on his land, but who is injured by activities that originate there is simply one of reasonable care. Prosser, *Torts* (hornbook series, 3d ed.), pp. 358, 359, sec. 57. Under the allegations of the complaint we must conclude that the railroad company breached that duty.

We are not at the outset of a negligence case concerned with the problem of whether it was foreseeable that a particular person would be injured by the actor's conduct. We stated in *Kemp v. Wisconsin Electric Power Co.* (1969), 44 Wis. 2d 571, 581, 172 N. W. 2d 161, that conduct is negligent if it is reasonably foreseeable that a harm will result. " 'There is no necessity, however, that the actual harm that resulted from the conduct be foreseen.' *Cirillo v. Milwaukee* (1967), 34

Wis. 2d 705, 711, 150 N. W. 2d 460." *Kemp, supra,* page 581.

It is obvious that starting a fire under the circumstances alleged is negligence irrespective of who is eventually injured thereby.

To impose liability it must also be determined that the negligence was a "substantial factor" in causing the injury. *Pfeifer v. Standard Gateway Theater, Inc.* (1952), 262 Wis. 229, 237, 55 N. W. 2d 29. The plaintiff has pleaded the negligence of the railroad and that it is a "substantial factor" in causing the injuries. These are factual allegations that must be treated as verities on demurrer. However, negligence plus an unbroken sequence of events establishing cause-in-fact does not necessarily lead to a determination that the defendant is liable for the plaintiff's injuries. The determination to not impose liability in instances where a negligent act has been committed and the act is a "substantial factor" in causing the injury rests upon considerations of public policy.

In *Colla v. Mandella* (1957), 1 Wis. 2d 594, 598, 599, 85 N. W. 2d 345, we said:

"It is recognized by this and other courts that even where the chain of causation is complete and direct, recovery against the negligent tort-feasor may sometimes be denied on grounds of public policy because the injury is too remote from the negligence or too 'wholly out of proportion to the culpability of the negligent tort-feasor,' or in retrospect it appears too highly extraordinary that the negligence should have brought about the harm, or because allowance of recovery would place too unreasonable a burden upon users of the highway, or be too likely to open the way for fraudulent claims, or would 'enter a field that has no sensible or just stopping point.' "

The application of public policy considerations is solely a function of the court (*Pfeifer v. Standard Gateway Theater, Inc., supra,* page 240), and does not in all cases

require a full factual resolution of the cause of action by trial before policy factors will be applied by the court. There may well be cases, of course, where the issues are so complex, or factual connections so attenuated, that a full trial must precede the court's determination. Here, however, the question of public policy is fully presented by the complaint and demurrer. The question is simply, does it contravene public policy to permit a firefighter to recover against a tort-feasor whose only negligence is in starting a fire and failing to curtail its spread. Almost all fires are occasioned by negligence. Certainly a large proportion of home and industrial fires are occasioned by the negligence of members of the family or of management and its employees. To make one who negligently starts a fire respond in damages to a firefighter who is injured is likely to place too great a burden on homeowners, and other occupiers of real estate. To use the phrase of *Colla v. Mandella, supra,* the imposition of liability would permit the law of negligence to "enter a field that has no sensible or just stopping point." We do not by this decision venture into other areas of negligence where liability is based upon something more than the negligent starting of a fire. We do not hold a landowner under no circumstances must respond in damages for his negligence which caused injury to a firefighter upon the premises. The reverse is obviously true in numerous cases.[1]

We merely hold that one who negligently starts a fire is not liable for that negligence when it causes injury to a firefighter who comes to extinguish the blaze.

*By the Court.*—Order reversed.

---

[1] *See* Prosser, *supra,* pp. 406 ff., sec. 61.