HOWARD, Respondent, v. MT. SINAI HOSPITAL, INC., and another, Appellants.*

*No. 271. Argued March 5, 1974.—Decided May 8, 1974.*
(Also reported in 217 N. W. 2d 383 and 219 N. W. 2d 576.)

---

* Motion for rehearing denied, without costs, on June 28, 1974.

516

For the appellants there was a brief by *Borgelt, Powell, Peterson & Frauen,* attorneys, and *Frank A. Scherkenbach* of counsel, all of Milwaukee, and oral argument by *Mr. Scherkenbach.*

For the respondents there was a brief by *Warshafsky, Rotter & Tarnoff, S. C.,* attorneys, and *Alan E. Gesler* of counsel, all of Milwaukee, and oral argument by *Mr. Gesler.*

WILKIE, J.   The sole issue on this appeal relates to the element of damages: whether the present fear or phobia that the plaintiff will develop cancer in the future is compensable.

Negligence is conceded. The sole question then is one of causation. The long-standing rule on whether a particular claim of damages is compensable is:

". . . negligence plus an unbroken sequence of events establishing cause-in-fact does not necessarily lead to a determination that the defendant is liable for the plaintiff's injuries. The determination to not impose liability [because of remoteness of cause] in instances where a negligent act has been committed and the act is a 'sub-

stantial factor' in causing the injury rests upon consider-
ations of public policy." [1]

Applying this rule, we have held a defendant not liable
for injuries sustained solely by fear for another's safety
without physical impact.[2] Again on public policy grounds,
we have held a plaintiff, hit on the arm by a flying object,
not liable for his contributory negligence in driving with
his arm out the window.[3] In these and other cases,[4] on
public policy grounds, we have refused to impose liability
where such imposition of liability would offend sound
considerations of public policy.[5] Today in the *Reshan
Case* [6] again we have refused to impose liability, on pub-
lic policy grounds, where a conspicuously negligent north-
bound car on I–94 in Racine county went out of control
and moved across the median strip hitting a car which
was proceeding southerly on I–94 and the only negligence
of the driver of the southbound car was with respect to
maintaining an improper lookout for objects in the
median strip.

In these cases these public policy considerations are
regarded as an element of the legal cause, although not

[1] *Hass v. Chicago & North Western Ry. Co.* (1970), 48 Wis. 2d
321, 326, 179 N. W. 2d 885, quoting *Colla v. Mandella* (1957), 1 Wis.
2d 594, 598, 599, 85 N. W. 2d 345. *See also: Pfeifer v. Standard
Gateway Theater, Inc.* (1952), 262 Wis. 229, 55 N. W. 2d 29;
*Osborne v. Montgomery* (1931), 203 Wis. 223, 234 N. W. 372.

[2] *Klassa v. Milwaukee Gas Light Co.* (1956), 273 Wis. 176, 77
N. W. 2d 397.

[3] *Schilling v. Stockel* (1965), 26 Wis. 2d 525, 133 N. W. 2d 335.

[4] *See: Longberg v. H. L. Green Co.* (1962), 15 Wis. 2d 505, 516,
113 N. W. 2d 129, 114 N. W. 2d 435; and *Colla v. Mandella, supra,*
footnote 1, at pages 598, 599.

[5] *Hass v. Chicago & North Western Ry. Co., supra,* footnote 1, at
pages 326, 327, quoting *Colla v. Mandella, supra,* footnote 1, at
pages 598, 599.

[6] *Reshan v. Harvey,* post, p. 524, 217 N. W. 2d 302.

a part of the determinations of cause in fact, which this court refers to as "substantial factor." [7]

In this case, although there is no question about there being in fact a fear of future cancer, the claim of damages (by way of cancer) is so remote and is so out of proportion to the culpability of the tort-feasor that, as a matter of public policy, we conclude that the defendants are not to be held liable for this element of damages.

The three cases cited by plaintiff from other jurisdictions [8] in support of her contention that this element of damage is compensable are not in point because as we have stated, the prevailing rule in Wisconsin is that, even though the fear or phobia exists in fact, the defendants are not held accountable where, as here, public policy compels this court, because of the remoteness of this element of damage, to excuse defendants from liability.

Since we have ruled here that the award of damages included a sum for the plaintiff's present fear of future cancer which we have found not compensable, we must reverse the judgment and remand for a retrial on the issue of damages. Appellants seek a new trial on all issues. While various evidentiary rulings during the conduct of the trial are challenged, they appear to relate primarily to the manner in which the plaintiff sought to establish the existence of the present fear of a future harm. With our holding here based on the public policy considerations involved in disallowing recovery for her present anxiety as to a future consequence, we find no reason or basis for ordering a new trial on other than the issue of damages. Therefore, the judgment is set aside

[7] *Colla v. Mandella, supra,* footnote 1; *Pfeifer v. Standard Gateway Theater, Inc., supra,* footnote 1. *See also:* Campbell, *Duty, Fault, and Legal Cause,* 1938 Wis. L. Rev. 402.

[8] *Dempsey v. Hartley* (D. C. Pa. 1951), 94 Fed. Supp. 918; *Smith v. Railroad* (1935), 87 N. H. 246, 177 Atl. 729; *Ferrara v. Galluchio* (1958), 5 N. Y. 2d 16, 176 N. Y. Supp. 2d 996, 152 N. E. 2d 249.

on the issue of damages only, and a new trial in the interest of justice is ordered on that issue alone.

*By the Court.*—Judgment affirmed in part; reversed in part; and cause remanded for proceedings not inconsistent with this opinion.

ROBERT W. HANSEN, J. *(concurring)*. The writer joins the majority in holding, on the facts of this case, that as a matter of public policy plaintiff's fear as to a future imagined consequence, having no reasonable basis, was not a recoverable element of damages in this case. The writer agrees that the long-standing rule on this point in this state is that ". . . [n]egligence plus an unbroken sequence of events establishing cause-in-fact does not necessarily lead to a determination that the defendant is liable for the plaintiff's injuries. The determination to not impose liability in instances where a negligent act has been committed and the act is a 'substantial factor' in causing the injury rests upon considerations of public policy." [1] Public policy is involved in determining whether a particular claim of damage is compensable as a matter of law.[2] However, the writer would additionally make clear that a present fear as to a future harm (which describes the fear or "phobia" which the plaintiff here had that she would develop cancer in the future) is not compensable whenever the future harm feared cannot reasonably be apprehended to result from the injury

---

[1] *Hass v. Chicago & North Western Ry. Co.* (1970), 48 Wis. 2d 321, 326, 179 N. W. 2d 885.

[2] *Pfeifer v. Standard Gateway Theater, Inc.* (1952), 262 Wis. 229, 240, 55 N. W. 2d 29, this court holding: ". . . If the jury does determine that there was negligence, and that such negligence was a substantial factor in producing the injury, it is then for the court to decide as a matter of law whether or not considerations of public policy require that there be no liability. . . ." *See also: Osborne v. Montgomery* (1931), 203 Wis. 223, 236, 237, 234 N. W. 372.

sustained. This rule of law, based on public policy considerations, is the rule in most jurisdictions,[3] with one state court going so far as to state, ". . . we know of no case where the injured party has been permitted to magnify the damages by calling the attention of the jury to fears that were altogether groundless and never materialized. . . ."[4]

For her contrary contention that the reality of the fear, not any reasonable basis for it, is all that ought be required for compensability, plaintiff relies upon three out-of-state decisions. One, a state court holding in an eastern state, does appear to hold that an entirely mistaken present fear of future harm is a compensable element of damages.[5] But, in the second case relied upon, a federal district court decision in an eastern state, evidence was admitted to establish that the fear involved was reasonable, and the trial judge held only, ". . . Under the circumstances of this case I feel that it was entirely reasonable for this plaintiff to fear the development of cancer as the result of the severe injury to her breasts caused by this accident."[6] In the third case

[3] *See:* Annot. (1960), *Damages—Anxiety—Future Condition,* 71 A. L. R. 2d 338, 342, citing cases holding that anxiety about an imagined consequence, having no reasonable basis, is not a recoverable element of damages.

[4] *Louisville & Nashville R. Co. v. Davis* (1923), 199 Ky. 275, 278, 250 S. W. 978.

[5] *Smith v. Railroad* (1935), 87 N. H. 246, 258, 177 Atl. 729, holding testimony of a plaintiff, injured while walking along a railroad track, that she had by reason of the injuries a fear that her legs might in the future become paralyzed to be admissible and holding such fear to be an element of damages ". . . even though the fear was mistaken. . . ."

[6] *Dempsey v. Hartley* (D. C. Pa. 1951), 94 Fed. Supp. 918, 921, holding admissible evidence as to reasonable basis for present fear of future harm not only ". . . for the purpose of showing that this plaintiff did have a very real fear of the development of cancer of the breast," but also to establish ". . . that her fears in this respect were reasonable. . . ." *Id.* at page 920.

cited, a state court case in an eastern jurisdiction, the court held admissible a statement made by the treating dermatologist to plaintiff that she should have a badly burned shoulder checked every six months inasmuch as the area of the burn might become cancerous, such six-month checkups being considered by the dermatologist essential as a protective measure, and the court concluded, ". . . It is entirely plausible, under such circumstances, that plaintiff would undergo exceptional mental suffering over the possibility of developing cancer. . . ." [7] While requiring and finding a reasonable basis for any present anxiety as to future harm, the New York State case makes clear that: " 'Liability for damages caused by wrong ceases at a point dictated by public policy or common sense.' " [8]

The writer would find the applicable rule of law in this state and elsewhere to be that, assuming negligence and causation, a fear of a future consequence is not compensable as an element of damages in a negligence action if there is established no reasonable basis for such fear. This court has said that recovery may be denied on public policy grounds where the ". . . injury is too remote from the negligence or too 'wholly out of proportion to the culpability of the negligent tort-feasor' . . ." [9] Where there is, as in the case before us, no claim of connectedness between the injury sustained and a future conse-

[7] *Ferrara v. Galluchio* (1958), 5 N. Y. 2d 16, 22, 176 N. Y. Supp. 2d 996, 152 N. E. 2d 249, plaintiff ". . . was personally advised by a doctor specializing in dermatology that her wound might develop into cancer and that she should, therefore, have it checked every six months. . . ."

[8] *Id.* at page 22 (citing *Milks v. McIver* (1934), 264 N. Y. 267, 269, 190 N. E. 487) the court also stating: "It is self-evident that every case must be decided according to the facts peculiar to it. . . . Each negligence case must, in turn, be solved 'pragmatically.' "

[9] *Colla v. Mandella* (1957), 1 Wis. 2d 594, 599, 85 N. W. 2d 345.

quence of cancer,[10] the injury is too remote, and the claim of damage is wholly out of proportion to the culpability of the tort-feasor. We have said that recovery may be denied where ". . . in retrospect it appears too highly extraordinary that the negligence should have brought about the harm . . . ." [11] Here it is not even claimed that the negligence brought about an increased likelihood of the future consequence feared.[12] We have said that recovery may be denied where ". . . allowance of recovery would place too unreasonable a burden . . . ." [13] In the case before us, allowance of this element of damage would place a heavy and unpredictable burden upon the medical profession for the most minor and inconsequential of professional errors. We have said that recovery may be denied where its allowance would ". . . be too likely to open the way to fraudulent claims . . . ." [14] We have said that recovery may be denied where granting recovery ". . . would 'enter a field that has no sensible or just stopping point.' . . ." [15] If the slightest of fender-bender accidents could result in recovery for a baseless fear or claim of fear of developing cancer or arthritis years later, it would be difficult to draw the line between the various "phobias" claimed once a reasonable basis for any or all of them was held unneces-

---

[10] Plaintiff-respondent's brief, at page 6, states: "Respondent neither intended nor attempted to prove that Mrs. Howard would develop cancer from the catheter pieces."

[11] *Colla v. Mandella, supra,* at page 599.

[12] Plaintiff-respondent's brief, at pages 6, 7, states: "The jury was told in opening statement that cancer was not a realistic possibility, and that Respondent would prove that she feared cancer. [Record citation omitted.] What the Respondent did prove to a reasonable medical probability was the fact of fear, not the fact of cancer. . . ."

[13] *Colla v. Mandella, supra,* at page 599.

[14] *Id.* at page 599.

[15] *Id.* at page 599 (Quoting *Waube v. Warrington* (1935), 216 Wis. 603, 613, 258 N. W. 497, and citing other cases).

sary to recovery. All of the reasons cited for disallowing recovery on public policy grounds converge in this case to make applicable here the generally followed rule that a present fear of a future harm is not to be a compensable element of damages in the absence of establishment of a reasonable basis for such fear being entertained and an increased possibility that the consequence feared will arise as a result of the injury sustained.

What the majority opinion appears to approach as an individuated response to a particular fact situation, the writer sees as the application of a generally accepted rule of law to the facts of this case. That rule holds that, as a matter of law based upon public policy considerations, a present fear as to a future harm is not a compensable element of damages if there is no reasonable basis established for the fear being entertained and no increased possibility of the consequence feared developing as a result of the injury sustained.

The following opinion was filed June 28, 1974.

PER CURIAM *(on motion for rehearing)*. The opinion correctly states the law of this state. It represents no new departure from the position of *Colla v. Mandella* (1957), 1 Wis. 2d 594, 85 N. W. 2d 345, and *Hass v. Chicago & North Western Ry. Co.* (1970), 48 Wis. 2d 321, 179 N. W. 2d 885. Those cases hold, consistently with established negligence law of this court, that foreseeability of the particular harm is not an element of the determination of negligence. Although a specific injury may not be foreseen, subject to possible policy considerations, we will find liability if there is an unbroken chain of causation from the negligent act to the injury sustained and if the negligence is a substantial factor.

Even though there exists such an unbroken chain of causation, we will not find liability if the court concludes

in the particular case that to allow recovery would be contrary to public policy.

Some of the various public policy factors that may be appropriately invoked to deny liability even in the face of an unbroken chain of causation were listed in *Colla v. Mandella, supra,* at 599:

"[T]he injury is [1] too remote from the negligence or [2] too 'wholly out of proportion to the culpability of the negligent tort-feasor,' or [3] in retrospect it appears too highly extraordinary that the negligence should have brought about the harm, or [4] because allowance of recovery would place too unreasonable a burden upon users of the highway, or [5] be too likely to open the way to fraudulent claims, or [6] would 'enter a field that has no sensible or just stopping point.'"

The policy factor relied upon in this particular case is analogous to number 4, because allowance of recovery would place too unreasonable a burden upon doctors and physicians.

There is no question of foreseeability in this case nor any question that the negligence of the physician was a substantial factor causing the cancer phobia, the existence of which is undisputed.

We hold that, under the circumstances of this particular case, it would be contrary to public policy to permit the physician to be liable for the cancer phobia and related manifestations of neuroses that followed the negligent insertion of the catheter.