LaVern F. BRANTNER, Jr., and Diane BRANTNER,
Plaintiffs-Respondents,

v.

Brian G. JENSON and American Family Mutual Insurance
Company, a domestic insurance corporation,
Defendants-Appellants.†

Court of Appeals

*No. 83–790. Submitted on briefs April 9, 1984.—
Decided June 12, 1984.*
(Also reported in 352 N.W.2d 671.)

† Petition to review granted.

64

For the appellants the cause was submitted on the briefs of *Carroll, Parroni, Postlewaite, Anderson & Graham, S.C.,* and *Arnold P. Anderson* of Eau Claire.

For the respondents the cause was submitted on the brief of *Herrick, Hart, Duchemin, Danielson & Guettinger, S.C.*, and *Steven G. Danielson* of Eau Claire.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.   Brian G. Jenson and American Family Mutual Insurance Company appeal a judgment awarding LaVern F. Brantner, Jr., and Diane Brantner damages resulting from an automobile collision involving Jenson and LaVern Brantner.  The issues on appeal are whether the trial court properly admitted Brantner's testimony about out-of-court statements made by his father and doctor, and whether it properly admitted Brantner's doctor's testimony about back surgery Brantner might need in the future.  Because the evidence was properly received to establish a reasonable basis for Brantner's mental distress resulting from the collision, we affirm the judgment.

Brantner suffered a back injury from the collision. At the trial, the deposition testimony of Brantner's doctor was read into the record.  The doctor testified about what he told Brantner regarding spinal fusion surgery. Although he considered the surgery an option if other treatment was unsuccessful, the doctor was unable to state to a reasonable degree of medical probability that Brantner would need surgery in the future.  Brantner testified about what both the doctor and Brantner's father, who had experienced back surgery, told him about such surgery.  Jenson objected to the doctor's testimony because it was not given to a reasonable degree of medical probability, and to Brantner's testimony as hearsay.  The trial court overruled these objections.

All the challenged evidence concerns the possibility of Brantner undergoing back surgery at some future date. Brantner argues that this testimony was admissible to prove an element of his mental distress arising from the accident.  We agree.

Mental distress damages caused by an accident in which the plaintiff suffers physical injury are compensable. *Rennick v. Fruehauf Corp.*, 82 Wis. 2d 793, 804–05, 264 N.W.2d 264, 269–70 (1978). No Wisconsin case adopts a standard for determining when damages may be recovered for mental distress or fear of future harm arising from negligently caused physical injury. Justice Robert Hansen suggested a standard in his concurring opinion in *Howard v. Mt. Sinai Hospital, Inc.*, 63 Wis. 2d 515, 523a, 217 N.W.2d 383, 388 (1974). In *Howard*, the plaintiff's fear of developing cancer as a result of an injury that had no demonstrated connection to cancer was too remote to be compensable. The court held that even though fear of a future condition exists, the defendant is not accountable if public policy excuses the defendant from liability. *Id.* at 519, 217 N.W.2d at 385. Justice Hansen concurred, advocating the rule that:

[A]s a matter of law based upon public policy considerations, a present fear as to a future harm is not a compensable element of damages if there is no reasonable basis established for the fear being entertained and no increased possibility of the consequence feared developing as a result of the injuries sustained.

*Id.* at 523a, 217 N.W.2d at 388.[1] This statement implies the inverse rule that if there is a reasonable basis for the fear of future harm and the possibility of that harm developing was increased as a result of the negligently-caused injury, the mental distress is compensable. This is the generally accepted rule. *See* cases cited in annotation Damages-Anxiety-Future Condition, 71 A.L.R.2d 338, 341–42 (1960), and 71 A.L.R.2d at 533 (Supp.

---

[1] Justice Hansen's concurring opinion in *Howard*, including the reference to the question of whether a reasonable basis for the fear exists, was cited for support in *Wilson v. Continental Insurance Cos.*, 87 Wis. 2d 310, 325, 274 N.W.2d 679, 686–87 (1979).

1984). We are persuaded by the reasoning in those cases and we therefore adopt the rule.

Brantner could recover for mental distress concerning possible future surgery if he had a reasonable basis for such distress. Such damages are not so remote or out of proportion to the tortfeasor's culpability that they are barred as a matter of public policy.

All of the challenged testimony is relevant to whether there was a reasonable basis for any mental distress Brantner may have suffered in the past or will suffer in the future. The doctor's comments to Brantner about the circumstances that could lead to surgery and the recovery time and disability associated with it, as well as the information Brantner received from his father about the senior Branter's back surgery, could convince the jury that Brantner's anxiety about future surgery was reasonable.

Jenson inaccurately argues that our decision will change the requirement for proving future damages from "reasonable certainty" to whether a future event is possible. The challenged testimony was admitted to prove that Brantner suffered and will suffer "worry and anxiety." It proved damages resulting from the back injury, not from the possible future surgery. The jury could properly determine that this constituted worry and mental distress that Brantner had endured in the past and was reasonably certain to endure in the future, *see* Wis JI—Civil 1750 (1983), based on Brantner's testimony and the doctor's testimony to a reasonable degree of medical probability that Brantner's back injury was permanent and caused by the collision.

Brantner's testimony about what his father and the doctor told him about back surgery was properly ad-

mitted. The testimony was not admitted to prove anything about back surgery, but was admitted to explain why Brantner was distressed. The relevant fact was that two people Brantner could reasonably believe had told him things that gave him a basis for his anxiety about the back surgery he might some day need. Since the testimony was material to prove something other than the truth of the out-of-court statements, it was not hearsay. *See Auseth v. Farmers Mutual Automobile Insurance Co.*, 8 Wis. 2d 627, 629, 99 N.W.2d 700, 701 (1959).

Since the doctor did not testify that future surgery for Brantner was medically probable, the jury should have been instructed that they were to consider the doctor's testimony about the possible surgery only on the question of Brantner's mental distress from the back injury, and that no damages could be awarded for future pain and suffering that might result from the uncertain future surgery. *See Ianni v. Grain Dealers Mutual Insurance Co.*, 42 Wis. 2d 354, 362–63, 166 N.W.2d 148, 152 (1969). In a chamber conference on objections to the doctor's testimony, the trial court noted that the testimony was admitted "for the limited purpose of showing that the possibility of future back surgery . . . did contribute to Mr. Brantner's anxiety." Jenson, however, did not request an instruction limiting the jury's consideration of the doctor's testimony to that purpose either at that conference or at the conference on jury instructions. We will not consider the failure to give an instruction error when the record indicates that no request was ever made for the trial court to give the instruction. *McGivern v. AMASA Lumber Co.*, 77 Wis. 2d 241, 247–48, 252 N.W. 2d 371, 374 (1977).

*By the Court.*—Judgment affirmed.