LaVern F. BRANTNER, Jr., and Diane Brantner,
Plaintiffs-Respondents,

v.

Brian G. JENSON and American Family Mutual Insurance
Company, a domestic insurance corporation,
Defendants-Appellants-Petitioners.†

Supreme Court

*No. 83–790. Argued October 30, 1984.—Decided January 10, 1985.*

(Also reported in 360 N.W.2d 529.)

† Petition for reconsideration denied.

For the defendants-appellants-petitioners there were briefs by *Arnold P. Anderson* and *Carroll, Parroni, Postlewaite, Anderson & Graham, S.C.,* Eau Claire, and oral argument by *Arnold P. Anderson.*

For the plaintiffs-respondents there was a brief by *Steven G. Danielson* and *Herrick, Hart, Duchemin, Danielson & Guettinger, S.C.,* Eau Claire, and oral argument by *Steven G. Danielson.*

SHIRLEY S. ABRAHAMSON, J. This is a review of a published decision of the court of appeals, *Brantner v. Jenson,* 120 Wis. 2d 63, 352 N.W.2d 671 (Ct. App. 1984), affirming a judgment of the circuit court for Eau Claire county, William D. O'Brien, Circuit Judge. The portion of the judgment in question awarded the plaintiff LaVern F. Brantner, Jr., damages for past, present and future mental distress relating to back surgery, which might possibly be performed in the future. The plaintiff's orthopedic surgeon testified that he did not have any opinion to a reasonable degree of medical certainty about the necessity of the surgery. The plaintiff was not, however, seeking to recover, and did not recover, damages for future medical expenses related to the possible future back surgery or for pain and suffering or mental distress that would accompany the actual surgery if performed.

The issue presented for review, in regard to this award of damages, is whether the circuit court properly admitted the orthopedic surgeon's testimony about possible future back surgery for the plaintiff and LaVern F. Brantner's (plaintiff) testimony about out-of-court statements made to him by his surgeon and by his father about back surgery.

The issue presented, although phrased as an evidentiary question, is a question of substantive law. The question is not whether the surgeon or the plaintiff is qualified to testify to possible harmful consequences of the individual defendant's negligence, but whether their testimony is relevant to a determination of damages, *i.e.,* whether the possible harmful consequences about which

they testified are as a matter of substantive law entitled to consideration by the fact finder in the award of compensable damages. *See,* 2 Wigmore, *Evidence,* sec. 663, p. 906 (Chadbourn rev. ed. 1979). We hold that this challenged testimony was admissible to establish the plaintiff's claim for compensable mental distress. We therefore affirm the decision of the court of appeals.

The relevant facts, which are undisputed at this stage of the proceedings, are as follows. The plaintiff's claim arose from an automobile collision which occurred on January 20, 1979. The plaintiff suffered physical injury and consulted a physician on January 23, 1979, and an orthopedic surgeon on February 13, 1979. The surgeon concluded that as a result of the accident, the plaintiff suffered acute lumbrosacral strain with co-existing spondylolysis. The spondylolysis was a congenital condition existent, although dormant, prior to the accident. According to the surgeon's diagnosis, the January accident had converted plaintiff's condition from a dormant situation to a symptomatic situation causing pain.

In April, 1979, the plaintiff again consulted the surgeon, who then prescribed back exercises and medication for the pain. During the course of subsequent consultations the surgeon prescribed a back brace. The plaintiff continued to experience back pain.

The case came to trial in December, 1982. Over the defendants' objection on the ground that the surgeon was unable to state his opinions about future surgery to a reasonable degree of medical probability, the surgeon testified that in September, 1980, he and the plaintiff "discussed the possibility of surgical alternatives."[1] The surgeon recounted his conversation with the plaintiff in which he advised the plaintiff as follows that surgery

---

[1] The surgeon's deposition was read into evidence at trial.

could be considered if other techniques did not relieve the pain:

"If the exercises and the use of the brace were not sufficient to relieve his pain and keep him working, a consideration can be given to a fusion of the low back or of the area where the increased motion is due to this defect that we have been talking about.

"The indication to proceed with surgery as opposed to the more conservative measures that have been tried is entirely based on the patient's symptoms and the amount of difficulty he has with it. Up until that time, although I believe a brace had been prescribed, he hadn't used one, and so we certainly suggested trying that first."

The surgeon testified that he saw the plaintiff again in July and in October, 1981, and that the plaintiff was still suffering pain. The surgeon stated that in October, 1981, he "reemphasized the use of exercises or physical therapy, the use of a corset or brace, and basically left it with [the plaintiff], that if, in fact, his symptoms were bad enough that he was unable to work or lead a comfortable life, that surgery may be indicated. But I emphasized to him [the plaintiff] that was actually his decision, as would be based on his symptoms."

According to the surgeon's testimony, he and the plaintiff reviewed the operation, recovery time, risks, chances of success and possible subsequent disability. The success rate is 80–85 percent; hospitalization would be one week; recovery time would be six to nine months during which time plaintiff would be unable to work or do heavy lifting; there would be some loss of mobility in his lower back. It was his professional medical opinion, to a reasonable degree of medical probability, that if the plaintiff said that he would like to have a fusion done that the surgeon would recommend it be done.

The surgeon further testified that in his opinion, to a reasonable degree of medical probability, the auto acci-

dent was a substantial factor in causing the back injury for which he treated the plaintiff; that the back injury was permanent; that the level of plaintiff's discomfort would be affected by the level of activity; and that the plaintiff was more susceptible to increasing pain in his back than he was before the accident.

The plaintiff testified, over the defendant's objections, about conversations with the surgeon and with his father, who had had this type of back surgery.[2] Specifically, the plaintiff testified that according to the surgeon the operation "wouldn't be hundred per cent guaranteed" and that he would be "laid up . . . up to nine months." The plaintiff also testified that his father advised him to put the surgery off as long as possible because of the pain involved.

The law is clear that when the tortfeasor's conduct causes bodily harm for which he or she is liable, the tortfeasor is also liable for mental distress (including fear and anxiety) resulting from the bodily harm. Where the "plaintiff can demonstrate physical injury at the time of the accident, plaintiff may also prove and collect damages for emotional injury arising from the accident." *Rennick v. Fruehauf Corp.*, 82 Wis. 2d 793, 805, 264 N.W.2d 264 (1978). The burden on the person claiming damages is to convince the jury, by the greater weight of the credible evidence to a reasonable certainty, that he or she has sustained or will sustain the mental distress and physical harm claimed as a result of the tortfeasor's negligent conduct. In other words, recovery may be had for reasonably certain injurious consequences of the tortfeasor's negligent conduct, not for

---

[2] The defendants urge that the plaintiff's testimony is inadmissible hearsay. We agree with the court of appeals that this testimony is not hearsay. *Brantner v. Jenson*, 120 Wis. 2d 63, 67–68, 352 N.W.2d 671 (Ct. App. 1984).

merely possible injurious consequences. Thus the jury was instructed in this case that it was to compensate the plaintiff for worry and mental distress, if any, which the plaintiff had endured and was reasonably certain to endure in the future as a consequence of his injuries. Wis. J.I.—Civil No. 1750A (1982).

The defendants assert that the jury should not have considered the challenged testimony in determining damages for mental distress. First, the defendants contend that there was no proof that the possible future surgery was causally connected to the individual defendant's negligence.[3] The defendants assert that the only adequate proof of causation in this case would have been the surgeon's testimony that the accident in question was to a reasonable degree of medical probability a cause of the possible future surgery. The defendants correctly observe that these words are not in this record. Nevertheless, we conclude that the testimony is such that the jury could have drawn the inference that the individual defendant's negligence was a cause of the possible future surgery.

■

The evidence established that the individual defendant's negligence caused the collision. Expert medical testimony established each link in the chain of events connecting the collision to the possibility of future surgery. There is expert testimony to a reasonable degree of medical probability that the collision caused plaintiff's back injury, that the back injury caused the pain, and that the surgery, if performed, would be a result of the plaintiff's symptoms, which included the plaintiff's pain. On the basis of this record the jury could conclude that if the plaintiff's pain necessitated

---

[3] On review the defendants do not dispute the individual defendant's negligence.

future surgery, the surgery would be a result of the individual defendant's negligence.

Second, the defendants assert that even if a "causal" relationship between the defendant's negligence and the possible future surgery is established, the testimony in this case concerning back surgery which might only possibly ensue is too speculative for the jury to receive or consider in awarding damages for mental distress. The defendants argue that the standard of "reasonable certainty" requires the plaintiff to prove to a reasonable degree of medical probability that he will require the back surgery in the future.[4] In this case, as we stated previously, the plaintiff's surgeon testified that he did not have an opinion to a reasonable degree of medical probability about the necessity of back surgery. The surgeon testified only that back surgery might possibly occur in the future.

The defendants cite numerous cases stating that expert opinion with regard to future medical consequences must be expressed in terms of a reasonable degree of medical certainty or probability of the future consequence, not in terms of possibility or conjecture. *See, e.g., McGarrity v. Welch Plumbing Co.,* 104 Wis. 2d 414, 312 N.W.2d 37 (1981); *Pucci v. Rausch,* 51 Wis. 2d 513, 187 N.W.2d 138 (1971). The defendants assert that this same rule applies whether the plaintiff seeks damages for mental distress with regard to future consequences

---

[4] For a discussion of the issue of the relation of the reasonable certainty standard and proof of the possibility of a future consequence, *see Baylor v. Tyrrell,* 177 Neb. 812, 131 N.W.2d 393 (1964); King, *Causation, Valuation, and Chance in Personal Injury Torts Involving Preexisting Conditions and Future Consequences,* 90 Yale L.J. 1353 (1981); 2 M. Minzer, J.H. Nates, C.D. Kimball, D.T. Alexrod, R.P. Goldstein, *Damages in Tort Actions* sec. 13.00 (1984); Annot., *Anxiety as to Future Disease, Condition or Death Therefrom, as Element of Damages in Personal Injury Action,* 71 ALR 2d 338 (1960).

or the plaintiff seeks damages for the future consequences themselves.

The defendants contend that by allowing the surgeon's testimony in this case to support an award for damages for mental distress, the court is changing the requirement for proving damages from "reasonable certainty" to possibility. We do not agree with the defendant. The defendant's argument that the future surgery must be expressed in terms of a reasonable degree of medical probability addresses a standard for assessing the reasonable certainty of the future surgery, rather than a standard for assessing the reasonable certainty of the present and future fear of that surgery.

■

We conclude that fear of surgery may be reasonably certain, even though there is no certainty that surgery will occur and even though the physician cannot testify to a reasonable degree of medical probability that the consequence feared will occur. Doctors cannot in all cases predict the development of an injury or disease to a reasonable degree of medical probability. A doctor's realistic prediction as to the possibility of future surgery, illness or disability may give rise to reasonable fear and anxiety in the victim concerning his or her future health and well-being. As is apparent from the evidence which we have set forth, this is not a case where the surgeon testified that he told the plaintiff "anything is possible." Risk is a medical fact and may be used to establish a reasonable basis for compensable anxiety.

■

On the other hand, fear of future surgery is not reasonably certain and a defendant would not be liable for damages for mental distress when a medical witness describes to the victim or to the jury remotely conceivable

complications which may develop from the physical injury caused by the defendant's negligence. Anxiety about a fictitious or imagined or highly unlikely consequence is not a recoverable element. *Howard v. Mt. Sinai Hospital, Inc.*, 63 Wis. 2d 515, 217 N.W.2d 383 (1974). Liability ceases at a point dictated by public policy and common sense. *Wilson v. Continental Ins. Company*, 87 Wis. 2d 310, 325, 274 N.W.2d 679 (1979) (quoting Justice Hansen's concurrence in *Howard v. Mt. Sinai Hospital, Inc.*).[5]

The plaintiff in this case established, to a reasonable degree of medical probability, that the individual defendant's negligent conduct caused the plaintiff permanent injury, that the injury converted a dormant condition into one causing pain, and that the pain might necessitate surgery, which the plaintiff reasonably believed (on the basis of what his surgeon and father had said) to involve a long recovery time and to itself involve extreme pain. The plaintiff has thus introduced evidence that the negligently inflicted injury increased the possibility of back surgery and introduced evidence of the basis for, and the nature of, his fear of the surgery. Although the surgeon was not able to testify that back surgery was reasonably probable in the future, the disclosure of the realistic possibility of back surgery

[5] In *Ferrara v. Galluchio*, 5 N.Y.2d 16, 21, 176 N.Y.S.2d 996 (1958), the New York Court of Appeals affirmed recovery "against the original wrongdoer for purely mental suffering arising from information the plaintiff received from a doctor to whom she went for treatment of the original injury." This court in *Howard v. Mt. Sinai Hospital, Inc.*, 63 Wis. 2d 515, 519, 217 N.W.2d 383 (1974), apparently distinguished the *Ferrara* case on the ground that the remoteness of the emotional element of the damage was significantly greater in *Howard* than in *Ferrara*. As indicated in our discussion above, remoteness is not present in the instant case.

as a natural consequence of the injuries under the facts of this case is sufficient to enable a jury to find to a reasonable certainty that the plaintiff has sustained, and will sustain, mental distress as a result of the defendant's negligent conduct.[6]

The court of appeals recognized that no Wisconsin case adopts a standard for determining when damages may be recovered for mental distress or fear of future harm arising from negligently caused physical injury. The court of appeals articulated a rule setting forth two elements a victim must establish by a preponderance of the evidence to prove that he or she is reasonably certain to endure mental distress as a consequence of the injury: (1) the possibility of the feared harm must have increased as a result of the negligently inflicted injury, and (2) the victim must have a reasonable basis for the fear of future harm.

The court of appeals derived the two-part test from Justice Robert Hansen's concurring opinion in *Howard v. Mt. Sinai Hospital, Inc.*, 63 Wis. 2d 515, 217 N.W.2d 383 (1974). In that case we considered whether a present fear of a future consequence of the injury is compensable. Howard sought damages for a phobia of developing cancer in the future as a result of the doctor's negligence in leaving parts of a catheter in her body. The jury found causal negligence and awarded Howard damages of $45,000 for pain, suffering and disability. This court concluded that although there was no question about Howard's fear of future cancer, "the claim of damages (by way of cancer) [was] so remote and . . . out of proportion to the culpability of the tort-feasor that, as a matter of public policy," the tortfeasor should

---

[6] We agree with the court of appeals that instructions limiting the jury's consideration of the possible future surgery to plaintiff's mental distress about such surgery should have been given. *Brantner v. Jenson*, 120 Wis. 2d at 68.

not be held liable in that situation. *Id.* at 519. The court carefully limited the holding in *Howard* to the circumstances of that particular case. *Id.* at 523b (per curiam).

Justice Hansen joined the majority on the public policy holding and explained that he viewed the case as an application of a "generally accepted rule of law" that "as a matter of law based upon public policy considerations, a present fear as to a future harm is not a compensable element of damages if there is no reasonable basis established for the fear being entertained and no increased possibility of the consequence feared developing as a result of the injury sustained." *Id.* at 523a (Hansen, J., concurring). It is from this statement that the court of appeals extrapolated the rule that "if there is a reasonable basis for the fear of future harm and the possibility of that harm developing was increased as a result of the negligently caused injury, the mental distress is compensable." *Brantner*, 120 Wis. 2d at 66.

■

The two-part test, which is merely another way of stating the general rules of causation and damages in negligence law, recognizes the distinction between damages for reasonably certain anxiety over a possible future occurrence of the consequence and damages for the probable future occurrence of that consequence and looks to the totality of circumstances surrounding the plaintiff's alleged mental distress to determine whether the distress is reasonably certain. The court of appeals concluded, as we conclude, that evidence of the possibility of future surgery may be considered by the fact finder in determining compensable damages for mental distress for fear of future consequences of the injury, although the proof is insufficient to support recovery for the materialization of the consequences.

■

We conclude that the plaintiff's testimony and the surgeon's testimony which the defendant challenged were

admissible to establish that the mental distress the plaintiff claims is reasonably certain and therefore compensable.

For the reasons set forth, we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.