Leon L. BYCHINSKI and Claire Bychinski,
Plaintiffs-Appellants,

v.

SENTRY INSURANCE, a mutual company,
Defendant-Respondent.

Court of Appeals

*No. 87–0051. Submitted on briefs November 27, 1987.—Decided
March 29, 1988.*

(Also reported in 423 N.W.2d 178.)

For plaintiffs-appellants, there were briefs by *Dale D. Miller* and *Robert J. Reinertson* of *Trembath, Hess, Miller & Daubert, S.C.*, of Wausau

For respondent, there was a brief by *Maris Ruschevics* of *Anderson, Shannon, O'Brien, Rice & Bertz*, of Stevens Point

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Leon and Claire Bychinski seek a new trial on damages. The trial court granted judgment on a verdict awarding them $292,146.39 for losses sustained from an automobile accident. The Bychinskis challenge the admission of evidence that

showed the amount their damage request would earn in the future if invested in annuity contracts. Because we agree that the evidence was both irrelevant and probably affected the jury's verdict, we reverse.

Leon, to establish his claim for both past and future lost earnings, called an economist to express an opinion on the amount of those losses. The economist concluded that the present value of Leon's lost wages was $1,360,004. In response, the defense called James Trader, the manager of the structured benefits department of an insurance brokerage firm. Trader advised the jury, over objection to relevance, that $1,360,004 invested in an insurance annuity contract would pay Leon, at age sixty-one, over $27 million and, at age sixty-five, over $36 million. Trader also computed the benefits from annuities payable at future five-year intervals over a thirty-five-year period.

Trader's testimony, rather than establishing the present value of a future sum, established the future value of a present sum. The relevancy problem with his evidence was twofold. First, it did not relate to the issue before the jury. The jury was asked, among other things, to determine the present worth in dollars of Leon's lost future earnings. *See Johnson v. Pearson Agri-Systems,* 119 Wis. 2d 766, 775–76, 350 N.W.2d 127, 132 (1984). Second, his conclusions were premised on the assumption that any damage award would be invested and remain intact, in some instances for up to thirty-five years. The theory of present value, on the other hand, contemplates that Leon would commence to draw upon the funds immediately and use

19

the entire amount by the expiration of his work or life expectancy.[2]

We also conclude that Trader's evidence was prejudicial. An error is prejudicial so as to require a new trial if this court concludes that, but for the error, there probably would have been a different result. *Jax v. Jax,* 73 Wis. 2d 572, 582, 243 N.W.2d 831, 837 (1976). The foregoing annuity evidence probably influenced the jury's verdict. When the Bychinskis objected to its relevance, the court stated "I'll permit this and the Jury, of course, determines weight and credit to be given to the testimony." The jury was therefore advised that the offered evidence was relevant.

Present value calculations, in the best of circumstances, involve considerable uncertainty. *Bloomer v. Bloomer,* 84 Wis. 2d 124, 135, 267 N.W.2d 235, 241 (1978). This is so because hypothetical future interest and inflation rates, earning capacity, and life expectancy are underlying assumptions upon which the calculation is based. These assumptions, coupled with the enormity of Trader's figures, magnified the opportunity to mislead the jury.

Sentry tacitly recognizes a problem because on appeal it argues that the annuity evidence was not introduced to prove present value. While it fails to explain what other purpose was intended, we note that the closing arguments at trial reveal the purpose.

[2]The Bychinskis also argue that Trader was not qualified as an expert and was therefore not entitled to incorporate hearsay data into his calculations. These grounds were not asserted at trial, and we choose not to review them for the first time on appeal. *Wirth v. Ehly,* 93 Wis. 2d 433, 443–44, 287 N.W.2d 140, 145–46 (1980).

Defense counsel reviewed the computations of $27 and $36 million for the jury. He suggested that those figures be considered "when you go to answer these questions on future loss of earnings for Leon, what's in the future, past and future pain and suffering ...."[3]

Our decision does not categorically exclude any and all annuity evidence. To the extent that a particular annuity yields an immediate return, the trial court has discretion to decide its admission. Cost of annuity evidence under limited circumstances has been accepted as a factor in assessing damages. *See* D. Dobbs, Handbook on the Law of Remedies, sec. 8.7 (1973) (citing *Gulf, Colo. & S.F. Ry. v. Hampton,* 358 S.W.2d 690 (Tex. Civ. App. Ct. 1962)).

*Herman v. Milwaukee Children's Hosp.,* 121 Wis. 2d 531, 361 N.W.2d 297 (Ct. App. 1984), cited by the Bychinskis as authority banning all annuity evidence, merely upheld the trial court's exercise of its discretion in excluding annuity evidence in that case. *See* sec. 904.03, Stats.

■

The Bychinskis also claim that the trial court erred by rejecting a physician's opinion of the mere "possibility" of future surgery. Sentry argues that the proper degree of certitude is a "reasonable possibility" when the issue is a claim of fear of future surgery. Because the issue may arise on retrial, we note that

---

[3]A jury is not to reduce damages for pain and suffering to present value under Wisconsin law. *See Affett v. Milwaukee & Sub. Trans.,* 11 Wis. 2d 604, 613, 106 N.W.2d 274, 280 (1960); Wis. J I—Civil 1796 (1986). Because we reverse on other grounds and the closing arguments were not challenged, we need not address this problem further.

Sentry is correct. *See Brantner v. Jenson,* 121 Wis. 2d 658, 360 N.W.2d 528 (1985).[4]

*By the Court.*—Order vacated and cause remanded for a new trial on damages.

[4]The Bychinskis also claim that the entire damage verdict was perverse because the award was too low. Because damages are retried, we do not address this claim.