782 P.2d 332

**Jeffrey A. WEINER and Barbara S. Weiner, husband and wife; and Merton B. Weiner and Jean Weiner, husband and wife, Plaintiffs/Appellees,**

**v.**

**Steven Perry ASH and Christine L. Ash, husband and wife, Defendants/Appellants.**

**No. 2 CA–CV 88–0326.**

Court of Appeals of Arizona, Division 2, Department A.

April 25, 1989.

Reconsideration Denied June 1, 1989.

Review Denied Nov. 21, 1989.*

---

* Feldman, V.C.J., of the Supreme Court, recused himself and did not participate in the determination of this matter.

Miller & Pitt by Richard L. McAnally, Eugene N. Goldsmith and Dennis P. McLaughlin, Tucson, for plaintiffs/appellees.

Kimble, Gothreau & Nelson by William Kimble and David F. Toone, Tucson, for defendants/appellants.

## OPINION

LIVERMORE, Presiding Judge.

This is an appeal from the judgment of the trial court awarding $250,000 in damages for future fear, anxiety, and emotional distress.

The award arises out of an incident in which appellant Steven Ash shot at the appellees, wounding Jeffrey Weiner and causing Merton Weiner to suffer cardiac problems. Ash was tried criminally but was found not guilty by reason of insanity. In the ensuing civil action the court found, among other things, 1) that Ash suffers from paranoid schizophrenia which is currently in remission or controlled by drugs and therapy, 2) that he has a history of schizo-affective mental illness and failure to take prescribed medication to control the illness, and 3) that failure to take the medication is a significant problem in the care, treatment, management, and control of the illness. The Weiners were awarded damages for past and future medical bills, past and future pain, suffering and disability, and past emotional distress and anxiety. They were also awarded $250,000 for future emotional distress and anxiety, but only if Ash failed to comply with the court's orders that he continue to take prescribed medications and undergo psychotherapy and random periodic urinalysis to determine the level of anti-psychotic medication in his bloodstream. In a prior appeal, we reversed the conditional award for future damages, holding:

> There is ample evidence of continuing fear by the plaintiffs that defendant, if he stops taking his medication, will again suffer a paranoid delusion about plaintiffs and will again seek to kill them. But it is also clear from the findings that in the trial judge's view no compensable future damage will occur if defendant *does not again deteriorate mentally*. The judgment, therefore, cannot be affirmed on the basis that it is an actual award of compensation for probable future damages.

*Weiner v. Ash,* 157 Ariz. 232, 234–35, 756 P.2d 329, 331–32 (App.1988). The case was remanded for an award of presently proven future damages. On remand judgment was entered in favor of the Weiners in the amount of $250,000 "for future fear, anxiety and emotional distress." This appeal followed.

At issue is whether the Weiners are entitled to damages for their fear that if Ash fails to take the prescribed medication he will again seek to kill them. Ash argues first that the award impermissibly compensates the Weiners for fear of a second, separate tort unrelated to the first. We disagree. The Weiners are not being compensated for a possible future attack by Ash. They are being compensated for the present *fear* of a possible future attack, a fear that clearly arises from the shooting incident and resulting physical injuries. *See Lavelle v. Owens–Corning Fiberglas Corporation,* 30 Ohio Misc.2d 11, 507 N.E.2d 476 (1987).

Although there are no cases directly on point from this jurisdiction, a number of cases from other jurisdictions have held such fears to be compensable. In *Hardin v. Munchies Food Store,* 521 So.2d 1200 (La.App.1988) the court found that the general damages awarded the victim of an

assault was inadequate to compensate her for fright and distress emanating from the attack, including a continuing fear of men and phobia of entering crowds of people. In *Reardon v. Department of Mental Health*, 157 Mich.App. 505, 403 N.W.2d 582, (1987) *rev'd on other grounds, Reardon v. Dep't. of Mental Health*, 430 Mich. 398, 424 N.W.2d 248 (1988), the court upheld an award of damages to a sexual assault victim whose damages included worry about recurrence of the assault, fear of strangers, and a distrust of men. In *Berry v. City of Monroe*, 439 So.2d 465 (La.App.1983), the plaintiff suffered epileptic seizures after colliding with a support column. Finding that further seizures had been prevented by medication, the court nevertheless permitted an award of damages for the fear of future seizures, noting that "[w]hile mere speculation of such an event cannot provide the basis for an award, the anxiety produced by the possibility of another seizure is one of the compensable items we include in the award." 439 So.2d at 468.

■ Ash next argues that the event the Weiners fear is too remote and speculative to be compensable. *See Howard v. Mt. Sinai Hospital, Inc.*, 63 Wis.2d 515, 217 N.W.2d 383 (1974). The reason the trial court gave for making the initial award contingent on continued treatment was "to alleviate any reasonable basis for future mental distress." Implicit in the second award, however, is the trial court's belief that given Ash's past history of failing to take prescribed medication and the court's inability to coerce him to do so, the possibility that Ash would again experience paranoid delusions and attack the Weiners was not so remote and speculative that the fear of such an attack was uncompensable. The record supports this conclusion.

■ Finally, noting that recovery in tort is limited to the results of tortious conduct, Ash argues that any fear the Weiners may have of a future attack results from Ash's condition, not from his tortious conduct. We find this argument unpersuasive. Tortious behavior is always the product of the tortfeasor's character. Fear of future behavior arises both from the past attack and what it demonstrates about that character. To deny recovery for present fear clearly arising from past tortious conduct on the ground that it rests in part on fear of the tortfeasor's character would be to deny a very real element of the harm initially caused.

Affirmed.

HATHAWAY and HOWARD, JJ., concur.