Michael F. MULLEN, Plaintiff-Appellant,

v.

CEDAR RIVER LUMBER COMPANY and Travelers Property
Casualty, a/k/a Travelers Indemnity Company,
Defendants-Respondents.

Court of Appeals

*No. 00–3123–FT. Submitted on briefs March 21,
2001.—Decided May 22, 2001.*

## 2001 WI App 142

(Also reported in 630 N.W.2d 574.)

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *Clay F. Teasdale* of *Murphy & Teasdale* of Marinette.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Patricia A. Chucka* of *Law Offices of Catherine A. Thomas* of Brookfield.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1.   CANE, C.J.   Michael Mullen appeals from a summary judgment dismissing his negligence claim against Cedar River Lumber Company and the company's liability insurer, Travelers Indemnity Co. Mullen, who was acting in his capacity as the superintendent of public works at the time he was injured, slipped and fell at the scene of a traffic accident alleg-

edly caused by Cedar River's driver.[1] The trial court held that the firefighter's rule, as adopted in *Hass v. Chicago & N.W. Ry.*, 48 Wis. 2d 321, 179 N.W.2d 885 (1970), bars Mullen's claim. We disagree and, therefore, reverse the summary judgment and remand for further proceedings.

## FACTS

¶ 2.   Because this case arises on a motion for summary judgment, we accept the facts alleged by the plaintiff as true.[2] *See Pinter v. American Fam. Mut. Ins. Co.*, 2000 WI 75, ¶ 4, 236 Wis. 2d 137, 613 N.W.2d 110. The facts alleged by Mullen are as follows.

¶ 3.   On February 7, 1997, Cedar River's driver negligently caused a traffic accident. Mullen, superintendent of public works for the City of Marinette, heard on his two-way radio that a motor vehicle accident had occurred. Mullen drove to the accident scene because the report indicated there had been a diesel fuel spill.

¶ 4.   Upon arrival at the scene, Mullen observed diesel fuel covering the road and arranged for his work crew to bring sand to the site to cover the fuel. When the truck carrying the sand arrived, Mullen motioned to the driver. As he did so, he slipped on the diesel fuel and fell, suffering injuries.

---

[1] This is an expedited appeal under WIS. STAT. RULE 809.17 (1999–2000). All statutory references herein are to the 1999–2000 version.

[2] Moreover, neither party argues that there are disputed issues of fact that preclude summary judgment. Rather, they agree that the legal issue presented is the sole issue on appeal. Their approach is consistent with the trial court's hearing statement that there are no facts that would be developed at trial that would necessarily assist the court in deciding this issue.

¶ 5. Mullen sued Cedar River and its insurer (collectively, Cedar River), arguing that his injuries were the proximate result of Cedar River's driver's negligence. Cedar River moved for summary judgment, arguing that a public policy limitation on liability, commonly termed the "firefighter's rule," bars Mullen from pursuing a negligence action against Cedar River.[3] The trial court agreed and granted summary judgment in Cedar River's favor. This appeal followed.

## LEGAL STANDARDS

## A. Standard of review

¶ 6. Summary judgment was granted in this case in reliance on the *Hass* and *Pinter* cases, which established a public policy limitation on liability for firefighters and emergency medical technicians (EMTs), respectively. Whether public policy considerations preclude a particular cause of action is a question of law to be determined solely by the court. *Pinter*, 2000 WI 75 at ¶ 13. Although it is often better to examine policy considerations after the facts have been resolved by trial, there are cases in which the public policy question is fully presented by the pleadings, affidavits, and depositions, especially where the relevant facts are undisputed. *See id.* This is such a case.

¶ 7. Accordingly, this appeal presents a single issue: Does the firefighter's rule, as adopted in *Hass*

---

[3] Cedar River's motion was originally filed as a motion to dismiss, but was treated as a motion for summary judgment. *See* WIS. STAT. § 802.06(3) (a motion to dismiss shall be treated as a motion for summary judgment when the trial court considers matters outside the pleadings). Accordingly, we treat this case as a review of a summary judgment.

and extended in *Pinter*, bar Mullen from pursuing a claim against the negligent driver for injuries sustained while assisting in the containment of diesel fuel spilled as a result of an automobile accident? We answer the question in the negative.

## B. The firefighter's rule

¶ 8.   In *Pinter*, our supreme court summarized the firefighter's rule:

> Most jurisdictions in the United States limit liability in negligence cases under a theory of law commonly termed the "firefighter's rule." As applied to firefighters, the rule limits a firefighter's ability to recover damages for injuries sustained while performing his or her duties as a firefighter.

> . . . Thirty years ago, public policy led this court to recognize a limitation on liability in a firefighter's negligence action in *Hass*.
> In Wisconsin, even when negligent conduct was a substantial factor in causing an injury, public policy considerations may preclude the injured party from pursuing a cause of action.

*See id.* at ¶¶ 14–16. The court observed that *Hass* and subsequent firefighter's cases showed that the public policy limitation in *Hass* "is so limited that it applies in few cases. It bars a cause of action only when the sole negligent act is the same negligent act that necessitated rescue and therefore brought the firefighter to the scene of the emergency." *See Pinter*, 2000 WI 75 at ¶ 31. The *Pinter* court concluded that the public policy analysis in *Hass* remains sound and reaffirmed the continued viability of the firefighter's rule in Wisconsin. *See id.* at ¶¶ 38–40.

¶ 9. The *Pinter* court also extended the public policy reasoning of *Hass* to EMTs, concluding that the firefighter's rule bars an EMT from pursuing a claim against a negligent driver for injuries sustained while rendering aid to the victim of an automobile accident. *Id.* at ¶ 51. First, the court concluded that firefighting and serving as an EMT are closely related professions. *See id.* at ¶ 43. The court explained:

> Members of both professions have special training and experience that prepare them to provide assistance under dangerous emergency conditions. Persons entering either profession know that they will be expected to provide aid and protection to others in these hazardous circumstances. In short, both EMTs and firefighters are professional rescuers who are specially trained and employed to conduct rescue operations in dangerous emergencies.

*Id.*

¶ 10. Second, the court rejected the argument that the firefighter's rule was inapplicable because the plaintiff's claim was based on negligent driving rather than on the negligent starting of a fire, concluding that an automobile collision is equivalent to a fire under the public policy analysis in *Hass. See Pinter*, 2000 WI 75 at ¶ 46.

## DISCUSSION

¶ 11. At issue is whether the firefighter's rule established in *Hass* and extended in *Pinter* to include EMTs should again be extended to include a superintendent of public works who sustains injuries while assisting in the clean-up of fuel spilled during a traffic accident. Although *Hass* and *Pinter* addressed whether

entire classes of individuals, *i.e.*, firefighters and EMTs, would be barred by the firefighter's rule, we are not prepared to extend that determination with respect to all superintendents of public works. The record is devoid of any evidence that all superintendents of public works have the same job duties and training. Accordingly, our analysis will focus on whether the firefighter's rule should bar this particular individual's claim under the facts, as alleged, given his specific job duties and training.

¶ 12.    Cedar River contends that extending the firefighter's rule to include Mullen is consistent with *Hass* and *Pinter* because Mullen was specially trained and knowingly confronted an open and obvious hazard in the course of his occupation. Cedar River argues:

> Mullen did have special knowledge and experience. Mullen was specifically called to the scene of the accident because of his experience and knowledge in handling fuel oil spills. Mullen is in exactly the same position as Mr. Pinter . . . It was his specific knowledge and experience in handling fuel oil spills which caused him to be on the scene of the accident. There is no allegation that Mullen did not see the fuel oil on the roadway. Mullen testified in his deposition that he walked through the fuel oil on more than one occasion prior to slipping and falling.

¶ 13.    Cedar River also cites *Gould v. American Fam. Mut. Ins. Co.*, 198 Wis. 2d 450, 543 N.W.2d 282 (1996), in support of its position. *Gould* held that an individual institutionalized with a mental disability who does not have the capacity to control or appreciate his or her conduct cannot be liable for injuries caused to caretakers who are employed for financial compensation. *Id.* at 453. *Gould* created a narrow exception to the general rule that tortfeasors cannot invoke mental

capacity as a defense. *See Jankee v. Clark County*, 2000 WI 64, ¶¶ 54, 59, 235 Wis. 2d 700, 612 N.W.2d 297.

¶ 14.   Although *Gould* was not expressly identified as a firefighter's rule case, the court in *Gould* relied in part on *Hass* to support its public policy decision to bar recovery for the injured caretaker. *See Gould*, 198 Wis. 2d at 461–62. The court stated:

> By analogy, this court in *Hass v. Chicago & N.W. Ry.*, 48 Wis. 2d 321, 326–27, 179 N.W.2d 885 (1970), relied on public policy considerations to exonerate negligent fire-starters or homeowners from liability for injuries suffered by the firefighters called to extinguish the fire. This court held that to make one who negligently starts a fire respond in damages to a firefighter who is injured placed too great a burden on the homeowner because the hazardous situation is the very reason the fireman's aid was enlisted. *Id.* at 324, 327.
>
> Likewise, Gould, as the head nurse in the secured dementia unit and [the patient's] caretaker, had express knowledge of the potential danger inherent in dealing with Alzheimer's patients in general and [this patient] in particular. Holding [the patient] negligent under these circumstances places too great a burden on him because his disorientation and potential for violence is the very reason he was institutionalized and needed the aid of employed caretakers.

*Id.*

¶ 15.   We conclude that although there were compelling public policy considerations that led our supreme court to bar recovery in *Hass*, *Pinter* and *Gould*, the facts in this case do not support such a conclusion. According to Mullen's deposition, testimony and affidavits, he responds to approximately one fuel spill a year, and his role is generally to apply sand

to absorb and dam the spill. Although Mullen has experience and has received some training on responding to fuel spills, it is undisputed that responding to spills constitutes only a small part of Mullen's job. He is also responsible for garbage removal, the recycling program, road maintenance and snow removal.

¶ 16.   Given Mullen's limited duties at the time of a fuel spill and the infrequency of spills to which he responds, we are unpersuaded that Mullen's role is sufficiently similar to the role of firefighters and EMTs to justify extending the firefighter's rule to include Mullen. Unlike firefighters and EMTs, Mullen is not a professional rescuer who is "specially trained and employed to conduct rescue operations in dangerous emergencies." *See Pinter*, 2000 WI 75 at ¶ 43.

¶ 17.   In summary, we conclude that the firefighter's rule does not bar Mullen's claim against a negligent driver for injuries sustained while assisting in the containment of diesel fuel spilled as a result of an automobile accident. We reverse the summary judgment and remand for further proceedings consistent with this opinion.

*By the Court.*—Judgment reversed and cause remanded with directions.